UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

SHAWN BROWN, OZAN CIRAK, )
LUKE SMITH and THOMAS HANNON, ) CASE NO. 06-80391
each individually and on behalf of all others )
similarly situated )
) JUDGE CIV- RYSKAMP
Plaintiffs, )
)
v. ) NOTICE OF REMOVAL
)
GENERAL NUTRITION COMPANIES, INC. )
)
Defendant. )

**MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK**

General Nutrition Companies, Inc. ("GNC") hereby files this motion for an order transferring venue to the United States District Court for the Southern District of New York. In support thereof, GNC respectfully states as follows:

**I.
JURISDICTION AND VENUE**

1. On January 18, 2006, MuscleTech Research and Development, Inc. and certain affiliated entities (collectively, "MuscleTech") filed a case under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York, styled *In re MuscleTech Research and Development, Inc., et al.*, Case No. 06-10092-jmp. That case (the "Bankruptcy Case") was subsequently removed to the United States District Court for the Southern District of New York, Judge Jed. S. Rakoff presiding (the "New York Court"), and assigned Case No. 06-Civ-538 (JSR).

2. This civil proceeding is "related to" the Bankruptcy Case; accordingly, any district court has subject jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and

1334(b). For the reasons stated herein, however, regardless of whether venue in this district is proper, venue of this proceeding properly lies in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1409 and 1412.

3. The statutory predicate for the relief requested herein is provided in 28 U.S.C. §§ 1409 and 1412.

## II.
## BACKGROUND

4. On or about November 20, 2002, Plaintiffs Shawn Brown, Ozan Cirak, Luke Smith and Thomas Hannon commenced this action by filing a complaint in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida (the "State Court") styled *Shawn Brown, Ozan Cirak, Luke Smith and Thomas Hannon, each individually and on behalf of all others similarly situated v. General Nutrition Companies, Inc.*, Case No. CA-02-14221-AB (the "State Court Proceeding"). Plaintiffs and Defendant are the only named parties.

5. On January 18, 2006, MuscleTech Research and Development, Inc. and certain affiliated entities (collectively, "MuscleTech") filed a case under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York, styled *In re MuscleTech Research and Development, Inc., et al.*, Case No. 06-10092-jmp. That case was subsequently removed to the United States District Court for the Southern District of New York, Case No. 06-Civ-538 (JSR), Judge Jed. S. Rakoff presiding (the proceedings described in this paragraph are collectively referred to as the "Bankruptcy Case").

6.      The standard product indemnity in GNC's purchase order terms and conditions contractually requires MuscleTech to indemnify GNC for liability arising from Plaintiff's claims. Since MuscleTech is contractually obligated to indemnify GNC for these liabilities arising from the standard product indemnity stated in GNC's purchase order terms and conditions or otherwise under state law, where applicable, the State Court Proceeding is a non-core proceeding that is "related to" the Bankruptcy Case.[1] Accordingly, the Court has original but not exclusive jurisdiction over the State Court Proceeding pursuant to 28 U.S.C. § 1334(b).

7.      Therefore, on April 18, 2006, GNC removed this proceeding from the State Court to the United States District Court for the Southern District of Florida. Simultaneously therewith, GNC removed similar proceedings pending in the States of New York, Pennsylvania, Illinois, California and New Jersey to the respective federal district courts.

## III.
## REQUEST FOR RELIEF AND BASIS THEREFOR

8.      By and through this motion, GNC respectfully requests the entry of an order transferring venue of this case to the New York Court. Simultaneously with this motion, GNC is seeking to transfer venue of similar proceedings in Pennsylvania, Illinois, California and New Jersey to the New York Court. The basis for this request is 28 U.S.C. § 1404(a), which states that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[2]

---

[1] Proceedings "related to" a case under title 11 are those that could "conceivably have any effect on the estate being administered in bankruptcy." *See, e.g., In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987).
[2] 28 U.S.C. § 1404(a) (2005).

MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK                         Page 3

DALLAS 1646723v2

A. **28 U.S.C. § 1409(a) dictates that this proceeding must be transferred to New York.**

9. As noted above, this proceeding is "related to" the Bankruptcy Case currently pending in the United States District Court for the Southern District of New York. Pursuant to 28 U.S.C. § 1409)(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending. As the noted treatise COLLIER ON BANKRUPTCY states, "[t]he general rule in section 1409(a) is that venue of civil proceedings is the court where the title 11 case is pending."[3] Therefore, venue properly lies in the Southern District of New York, and GNC requests that this proceeding be transferred accordingly.

B. **28 U.S.C. § 1412 further justifies transfer of this proceeding to New York**

10. Furthermore, 28 U.S.C. § 1412 provides that even if venue is proper in this district "venue may still be transferred to another district if it is in the interest of justice or for the convenience of the parties."[4] The test provided by § 1412 is written in the disjunctive, so satisfaction of either element by a preponderance of the evidence is sufficient for a movant to carry its burden.[5]

11. When motions to transfer venue are filed in the "outpost court" (*i.e.*, as opposed to the "home court," in which the bankruptcy case is pending), courts have considered a variety of factors in evaluating "the interests of justice," including:

    (a) the economics of estate administration,

    (b) the presumption in favor of the "home court,"

---

[3] 1 COLLIER ON BANKRUPTCY ¶ 4.02[1] (15th ed. rev. 2005
[4] 28 U.S.C. § 1412 (2005).
[5] *See, e.g., Larami Ltd. v. Yes! Entertainment Corp.*, 244 B.R. 56, 61 (D. N.J. 2000) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)).

MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK         Page 4
DALLAS 1646723v2

  (c)  judicial efficiency,

  (d)  the ability to receive a fair trial,

  (e)  the state's interest in having local controversies decided within its borders, by those familiar with its laws,

  (f)  enforceability of any judgment rendered, and

  (g)  plaintiff's original choice of forum.[6]

12. In considering "the convenience of the parties," courts generally consider:

  (a)  the location of the plaintiff and defendant,

  (b)  ease of access to necessary proof,

  (c)  convenience of witnesses,

  (d)  availability of subpoena power for unwilling witnesses, and

  (e)  the expense related to obtaining witnesses.[7]

The most important of all relevant factors is generally recognized to be whether the transfer of the proceeding would promote the economic and efficient administration of the estate.[8] As set forth below, an analysis of these factors favor the Southern District of New York as the appropriate venue for this proceeding.

*Interests of Justice*

13. The interests of justice are easily served by transferring this proceeding to the New York Court. First and foremost, there is a presumption in favor of transferring all adversary

---

[6] 10 COLLIER ON BANKRUPTCY ¶ 7087.02 (15th ed. rev. 2005) (citations omitted).
[7] 10 COLLIER ON BANKRUPTCY ¶ 7087.02 (15th ed. rev. 2005) (citations omitted).
[8] *See, e.g., In re Commonwealth Oil Refining Company, Inc.*, 596 F.2d 1239, 1247 (5th Cir. 1979); *In re Cole Associates, Inc.*, 7 B.R. 154, 157 (Bankr. D. Utah 1980) ("If one factor be singled out as having the most logical importance, it would be whether a transfer would promote the efficient and economic administration of the estate").

proceedings related to a bankruptcy case to the location of the pending bankruptcy case. Indeed, COLLIER ON BANKRUPTCY has this to say about the transfer of civil proceedings—

> It is in the situation involving the transfer of civil proceedings that the presumption, adverted to earlier, that civil proceedings should be in the home court, operates most effectively.[9]

14. Transferring this proceeding would promote the efficient administration of MuscleTech's bankruptcy estate by co-locating in a single forum all claims arising from the sale of MuscleTech steroid hormone products, and similarly promote judicial efficiency by requiring only one judge to so familiarize himself with the relevant facts as to hear and determine this and other related litigation. Considering the fact that the New York Court has already taken jurisdiction of the Bankruptcy Case and a significant number of related litigation, the New York Court is already "up the learning curve," ensuring that this proceeding would be administered more economically and efficiently in the New York Court.

15. If venue of this proceeding remains in Florida, MuscleTech will ultimately be forced to litigate substantially similar claims against it in numerous states across the nation, thereby adding significant additional cost and complexity to a chapter 15 case already flush with litigation. Meanwhile, there is no reason to suppose that the litigants in this proceeding will not be able to obtain a fair trial in New York, nor any reason to believe they will have any difficulty enforcing whatever any judgment entered in their favor.

16. This proceeding is not of any particular significance to this district, either. While the complaint filed in the underlying pleading seeks damages relating to the sale of certain steroid hormone products in the State of Florida, the complaint (and the issues raised therein) is

---

[9] 1 COLLIER ON BANKRUPTCY ¶ 4.04[4][b] (15th ed. rev. 2005).

MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK　　　　　　　　　　　　Page 6

DALLAS 1646723v2

nearly identical to those filed (by the same plaintiffs' counsel) on behalf of classes in the States of New York, Pennsylvania, Illinois, California and New Jersey.

*The Convenience of the Parties*

17. Alternatively, the convenience of parties also supports transfer of this proceeding to the New York Court, or at the very least, does not indicate that such transfer would so inconvenience any party as to overcome the presumption in favor of transfer.

18. GNC, the defendant in this proceeding, is headquartered in Pittsburg, making adjudication of this and the other similar proceedings in New York significantly more convenient. MuscleTech and its debtor-affiliates are Canadian companies, and MuscleTech representatives are already required to travel regularly to New York to participate in hearings relating to the ongoing Bankruptcy Case and the litigation already pending there. MuscleTech commenced the Bankruptcy Case in the Southern District of New York pursuant to 28 U.S.C. § 1410(2) as there were (and are) actions pending against MuscleTech in that district. Many of these actions, as well as other actions currently pending around the country, are based on similar facts and allegations relating to the marketing and sale of certain steroid hormone products made by, among others, MuscleTech. The New York forum, therefore, favors both GNC and MuscleTech.

19. Plaintiffs, on the other hand, are residents of the State of Florida, but they are represented by the same New York-based counsel that represents other class plaintiffs in similar proceedings around the country. To the extent, therefore, that their counsel does not reside in Florida, it should make little difference whether plaintiffs' counsel is required to travel to Florida versus New York. Transfer to New York would be more convenient to plaintiffs, as their lead

counsel, Thanasides, Zalkin & Acero, maintains offices in New York, New York. GNC is not aware of an fact or expert witnesses, nor any documents of any magnitude, located in this or any other state besides Pennsylvania (where GNC is headquartered). Therefore, the transfer of this proceeding to the New York Court will not inconvenience witnesses. Finally, because the court presiding over the Bankruptcy Case is an Article III district judge, the New York Court exercises nationwide subpoena power identical to this Court.

20. On balance, therefore, GNC respectfully submits that the convenience of the parties calls for the transfer of this proceeding to the United States District Court for the Southern District of New York.

## IV.
## CONCLUSION

21. This proceeding is "related to" MuscleTech's pending chapter 15 Bankruptcy Case by virtue of the fact that it — like numerous similar proceedings currently pending against MuscleTech — will have a definite impact on MuscleTech's Bankruptcy Case. Accordingly, 28 U.S.C. § 1409(a) requires transfer of this proceeding to the United States District Court for the Southern District of New York. Consideration of the interest of justice and the convenience of the parties further counsels the transfer of this proceeding to the New York Court pursuant to 28 U.S.C. § 1412.

WHEREFORE, GNC respectfully requests that this motion be granted and that this Court enter an order transferring venue hereof to the United States District Court for the Southern District of New York and grant such other and further relief that the Court may deem just and proper.

Dated: April 19th, 2006

                              Respectfully submitted,

                              By: _____
                              Joseph J. Ward
                              FBN: 0144924
                              Elizabeth L. Bevington
                              FBN: 503339
                              Holland & Knight LLP
                              315 South Calhoun Street Suite 600
                              Tallahassee, FL 32301
                              Telephone: (850) 425-5606
                              Facsimile: (850) 224-8832

                              James G. Munisteri
                              Michael P. Cooley
                              GARDERE WYNNE SEWELL LLP
                              1601 Elm Street, Suite 3000
                              Dallas, Texas 75201
                              Telephone: 214.999.4824

                              Attorneys for Defendant
                              GENERAL NUTRITION COMPANIES, INC.

CERTIFICATE OF SERVICE

I hereby certify that, on April 19th, 2006, a true and correct copy of the above and foregoing document was mailed, postage prepaid, to the following counsel of record:

John Goldsmith
Trenam, Kernker, Scharf, Barkin, Frye,
O'Neill & Mullis, P.A.
2700 Bank of America Plaza
101 East Kennedy Boulevard
P.O. Box 1102
Tampa, Florida 33602
E-mail: jdgoldsmith@trenam.com

Paul B. Thanasides
Seth Zalkin
Thanasides, Zalkin & Acero
303 Park Avenue South, Suite 1104
New York, New York 10010
E-mail: thanasides@tzalaw.com
E-mail: zalkin@tzalaw.com

_____
Joseph J. Ward
Counsel to General Nutrition Companies, Inc.