UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

SHAWN BROWN, OZAN CIRAK,
LUKE SMITH and THOMAS HANNON,
each individually and on behalf of all others
similarly situated,

    Plaintiffs,

v.

GENERAL NUTRITION COMPANIES, INC.

    Defendant.

_____/

CASE NO. 06-80391

JUDGE: RYSKAMP/Vitunac

## MOTION FOR ENLARGEMENT OF TIME TO SUBMIT OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE TO SOUTHERN DISTRICT OF NEW YORK

Plaintiffs hereby file this Motion for Enlargement of Time to Submit Opposition to Defendant's Motion to Transfer Venue to Southern District of New York. In support, Plaintiffs respectfully state as follows:

1. On April 18, 2006, Defendant General Nutrition Companies, Inc. ("GNC") filed its Notice of Removal, removing this action from the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida. Plaintiffs will be timely filing a Motion to Remand.

2. GNC contends this action is related to a Chapter 15 proceeding pending in the Southern District of New York involving an unrelated Canadian company not named in this action.

3. GNC asserts, without providing any support for the claim, that the unrelated Canadian company, Muscletech Research and Development, Inc. ("Muscletech"), is contractually indemnified to defend it in this action, thus purportedly



establishing the relation of this case to Muscletech's Southern District of New York Chapter 15 proceeding.

4. The Chapter 15 proceeding brought on behalf of Muscletech in the Southern District of New York allows Muscletech to enjoy a temporary stay of litigation against it in the United States so that Muscletech's bankruptcy proceedings, brought in Canada, may be administered. The Chapter 15 proceeding is not Muscletech's primary bankruptcy case. Claims against Muscletech will be administered in its Canadian bankruptcy.

5. GNC asserts in its Motion to Transfer Venue to Southern District of New York (the "Motion to Transfer") that this case should be transferred to the Southern District of New York, before remand is considered by this Court, to allow for the efficient administration of Muscletech's estate in the Chapter 15 proceeding. GNC's asserted basis for transfer of venue is without merit, as it is without support of any kind and improperly assumes that this case is related to the Chapter 15 proceedings and is not instead properly subject to remand by this Court.

6. Plaintiffs respectfully request additional time to submit their opposition to GNC's Motion to Transfer, because the trial schedule of lead counsel for Plaintiffs, John Goldsmith, has interfered with Plaintiffs' ability to timely submit an appropriate opposition. Mr. Goldsmith, beginning March 14th and through the current date, has been involved as lead counsel in three trials that have taken up approximately 5 full weeks. In addition, Mr. Goldsmith has another trial that began May 8, 2006 and is scheduled to last for another three week period in the matter of *Athle-Tech Computer Systems, Inc. vs.*

2

*David Engelke*, Case No. 04-002507 CI 7, pending in the Sixth Judicial Circuit in and for Pinellas County, Florida.

7. Plaintiffs further seek additional time because of a clerical error in processing GNC's Motion to Transfer Venue. GNC and Muscletech have removed nine different actions, six of which are actions involving GNC. Plaintiffs' counsel received from GNC motions to transfer in four different jurisdictions, along with a letter to the Court in a fifth jurisdiction and nothing in regard to the sixth jurisdiction. Because Mr. Goldsmith was in trial, all mail regarding this action was to be forwarded to another partner in the firm responsible for the case but GNC's motion to transfer was inadvertently not forwarded.

8. Furthermore, Plaintiffs are preparing oppositions over the next two weeks to the other Motions to Transfer filed in other District Courts.

9. GNC will not be prejudiced by Plaintiffs' requested enlargement of time, as this action remains subject to remand, which issue will be considered by this Court before any potentially prejudicial action may be taken in the case.

10. Plaintiffs have conferred with counsel for GNC and GNC declines to agree to the extension.

3

WHERFORE, Plaintiffs respectfully request that this Court allow Plaintiffs an additional ten days to submit their opposition to GNC's Motion to Transfer in this case.

Dated: May 8, 2006

/s/ Amy Drushal
JOHN D. GOLDSMITH
Fla. Bar No. 444278
JOHN F. PANZARELLA
Fla. Bar No. 68306
AMY L. DRUSHAL
Fla. Bar No. 546895
TRENAM, KEMKER, SCHARF,
  BARKIN, FRYE, O'NEILL & MULLIS,
  Professional Association
P.O. Box 1102
Tampa, FL 33602
Phone: (813) 223-7474
Fax: (813) 229-6553

-and-

PAUL B. THANASIDES
Fla. Bar. No. 103039
THANASIDES, ZALKIN & ACERO
P.O. Box 18795
Tampa, FL 33679
(813) 837-0948
(813) 835-9663 (fax)
Attorneys for Plaintiffs

4

CERTIFICATE OF SERVICE

I hereby certify that, on May 8, 2006, a true and correct copy of the foregoing was mailed, via Federal Express, to the following counsel of record:

Joseph J. Ward
Elizabeth Bevington
Holland & Knight, LLP
315 South Calhoun Street, Suite 600
Tallahassee, FL 32301

James G. Munisteri
Michael p. Cooley
Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, TX 75201

_____
JOHN D. GOLDSMITH
Fla. Bar No. 444278
JOHN F. PANZARELLA
Fla. Bar No. 68306
AMY L. DRUSHAL
Fla. Bar No. 546895
TRENAM, KEMKER, SCHARF,
  BARKIN, FRYE, O'NEILL & MULLIS,
  Professional Association
P.O. Box 1102
Tampa, FL 33602
Phone: (813) 223-7474
Fax: (813) 229-6553

-and-

PAUL B. THANASIDES
Fla. Bar. No. 103039
THANASIDES, ZALKIN & ACERO
P.O. Box 18795
Tampa, FL 33679
(813) 837-0948
(813) 835-9663 (fax)
Attorneys for Plaintiffs

GNC FL Fed Ct - revised - mtn 4 extension re mtn to transfer.doc-161111 1v1