FILED by SHF D.C.
ELECTRONIC
May 9 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case #06-80391-CIV-RYSKAMP\VITUNAC

Shawn Brown, et al.

        Plaintiffs

vs.

General Nutrition Companies, Inc.

        Defendant.    /

## MOTION FOR STAY OR, IN THE ALTERNATIVE, CLARIFICATION OF ORDER OF PRETRIAL PROCEDURES

General Nutrition Companies, Inc. ("GNC") hereby files this motion for a stay of the Court's *Order of Pretrial Procedures* pending a ruling on GNC's motion to transfer this case to New York or, in the alternative, clarification on the application of the *Order of Pretrial Procedures* in light of the procedural posture of this lawsuit. In support thereof, GNC respectfully states as follows:

### I.
### PROCEDURAL BACKGROUND

1.    Over three and a half years ago, on or about November 20, 2002, Plaintiffs Shawn Brown, Ozan Cirak, Luke Smith and Thomas Hannon commenced this action by filing a complaint in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida styled *Shawn Brown, Ozan Cirak, Luke Smith and Thomas Hannon, each individually and on behalf of all others similarly situated v. General Nutrition Companies, Inc.*, Case No. CA-02-14221-AB (the "State Court Proceeding").

MOTION FOR STAY OR, IN THE ALTERNATIVE,
CLARIFICATION OF ORDER OF PRETRIAL PROCEDURES

Page 1

DALLAS 1654244v4

1 of 6

7pa

2. On April 18, 2006, GNC removed this proceeding to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027. On April 19, 2006, GNC filed a motion to transfer venue of this proceeding to the United States District Court for the Southern District of New York (the "Venue Transfer Motion"). By the Venue Transfer Motion (and similar motions filed in four other jurisdictions), GNC is seeking to have this and four other similar class action lawsuits pending across the country consolidated before Judge Jed S. Rakoff in New York, who is currently presiding over the chapter 15 bankruptcy case of MuscleTech Research and Development, Inc., as well as numerous similar lawsuits to this proceeding (the "Bankruptcy Proceedings"). A sixth class action lawsuit similar in nature to this proceeding was also removed by GNC to the Southern District of New York, where it has already been reassigned to Judge Rakoff.[1] Moreover, GNC has been informed by counsel in the Bankruptcy Proceedings that Judge Rakoff has indicated a desire to consolidate all MuscleTech-related litigation in New York as quickly as possible.

3. On April 20, 2006, this Court entered an *Order of Pretrial Procedures* (the "Pretrial Order"), establishing certain deadlines by which the parties in this proceeding are to fulfill their "meet and confer" requirements pursuant to Fed. R. Civ. P. 26(f) and submit a scheduling report and joint proposed scheduling order.

---

[1] *Rodriguez, individually and on behalf of others similarly situated v. General Nutrition Companies, Inc.*, Cause No. 1:06-02987-JSR (S.D. N.Y. May 5, 2006) was reassigned from Judge Richard C. Casey to Judge Rakoff on May 5, 2006.

## II.
## RELIEF REQUESTED AND BASIS FOR RELIEF

4.  By this motion, GNC seeks some clarification from the Court as to the application of the Pretrial Order or, in the alternative, a stay of the requirements and deadlines set forth in the Pretrial Order pending this Court's ruling on the Venue Transfer Motion.

### A.  Request for Stay of Proceedings.

5.  In the first instance, GNC respectfully submits that it would be a potential waste of the parties' time and resources (as well as the Court's time and resources) to proceed any further with pretrial matters in this forum pending a ruling on the Venue Transfer Motion.

6.  If, as GNC believes will occur, this Court grants the Venue Transfer Motion and transfers this case to Judge Rakoff in New York along with the numerous other pending lawsuits currently being transferred to New York, the parties will be subjected to the procedures already put in place by Judge Rakoff to administer and adjudicate the numerous lawsuits similar to this one that are already pending before him. There is no need to commence pretrial activities in this forum until the Court first determines whether this is the forum in which this lawsuit will proceed. As a practical matter, there has been little or no recent activity in the underlying State Court Proceeding. Moreover, as of Monday, May 08, 2006, no objection or other responsive pleading had yet been filed in opposition to the Venue Transfer Motion, and the deadline by which any party opposing the Venue Transfer Motion was required to file an opposing memorandum of law expired May 5, 2006.[2]

---

[2] Local Rule 7.1(c) grants a party ten days after service of the motion within which to serve an objection. For service by mail, Local Rule 7.1(c)(1) computes that period as follows: three calendar days from April 19, 2006 was April 22, 2006. Counting ten business days from the first business day following April 22 yields a service deadline of May 5, 2006.

MOTION FOR STAY OR, IN THE ALTERNATIVE,  Page 3
CLARIFICATION OF ORDER OF PRETRIAL PROCEDURES

DALLAS 1654244v4

7. GNC therefore submits that the more efficient course of action is for the Court to stay the effect of the Pretrial Order pending a ruling on the Venue Transfer Motion.

**B.   Request for Clarification.**

8. Barring a stay of the Pretrial Order, GNC requests some clarification of the operation of the Pretrial Order given the somewhat peculiar circumstances of this proceeding. By its terms, the Pretrial Order states that the parties "shall hold a scheduling meeting within twenty (20) days after the filing of the first responsive pleading by the last responding defendant, or within ninety (90) days after the filing of a complaint, whichever shall first occur." Unlike the removal of proceedings pursuant to 28 U.S.C. § 1441, which typically occurs within the first thirty days of the underlying lawsuit, the removal of bankruptcy-related claims pursuant to 28 U.S.C. § 1452 may occur long after the underlying lawsuit has commenced. Indeed, in this case the original complaint in the underlying State Court Proceeding was filed fully three and a half years ago, and thus the deadline for the scheduling meeting is long since past.

9. In light of these circumstances, GNC is not certain how (or at least, by what date) to comply with the requirements of the Pretrial Order and therefore seeks clarification from the Court as to the proper course of action. Pending such clarification, and in the interests of moving the process forward, GNC will conduct itself as though the deadline set forth in the Pretrial Order read "within twenty (20) days after the entry of this Order."

WHEREFORE, GNC respectfully requests that the Court enter an order (i) staying the Pretrial Order pending a ruling on the Venue Transfer Motion or, in the alternative, providing clarification of the effect of the Pretrial Order given the procedural posture of the State Court Proceeding and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: May 9, 2006

Respectfully submitted,

By: _____
Elizabeth L. Bevington
Florida Bar No. 503339
Jason L. Lazarus
Florida Bar No. 0139040
Holland & Knight LLP
222 Lakeview Avenue, Suite 1000
West Palm Beach, FL 33401
Telephone: (561) 833-2000
Facsimile: (561) 650-8399

James G. Munisteri
Michael P. Cooley
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Telephone: 214.999.4824

Attorneys for Defendant, General Nutrition Companies, Inc.

## CERTIFICATE OF CONFERENCE

I hereby certify that, on May 8, 2006, Michael P. Cooley, counsel for GNC, corresponded with John Panzarella, counsel for the plaintiffs, via telephone and email to discuss the relief requested in the foregoing pleading. Mr. Panzarella advised Mr. Cooley that, while the plaintiffs do not agree with portions of GNC's argument, the plaintiffs "have no disagreement with the result [GNC is] seeking" in the foregoing pleading.

_____
Elizabeth L. Bevington
Counsel to General Nutrition Companies, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that, on May ___7___, 2006, a true and correct copy of the above and foregoing document was mailed, postage prepaid, to the following counsel of record:

John Goldsmith
Trenam, Kernker, Scharf, Barkin, Frye,
O'Neill & Mullis, P.A.
2700 Bank of America Plaza
101 East Kennedy Boulevard
P.O. Box 1102
Tampa, Florida 33602
E-mail: jdgoldsmith@trenam.com

Paul B. Thanasides
Seth Zalkin
Thanasides, Zalkin & Acero
303 Park Avenue South, Suite 1104
New York, New York 10010
E-mail: thanasides@tzalaw.com
E-mail: zalkin@tzalaw.com

_____
Elizabeth L. Bevington
Counsel to General Nutrition Companies, Inc.