FILED by SVK D.C.
ELECTRONIC
May 18 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case #06-80391-CIV-RYSKAMP\VITUNAC

Shawn Brown, et al.

    Plaintiffs

vs.

General Nutrition Companies, Inc.

    Defendant.    /

DEFENDANT GENERAL NUTRITION COMPANIES, INC.'S RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME TO
SUBMIT OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER
VENUE TO SOUTHERN DISTRICT OF NEW YORK

General Nutrition Companies, Inc. ("GNC") hereby files this response in opposition to Plaintiffs' Motion to Enlarge Time and, in support of its response, states as follows:

1. On April 19, 2006, Defendant General Nutrition Companies, Inc. filed a motion to transfer venue of this proceeding to the United States District Court for the Southern District of New York. On or about May 8, 2006, Plaintiffs filed their motion to enlarge time to respond to the motion to transfer venue.

2. While Plaintiffs suggest in their motion that "this action remains subject to remand," in fact there is no pleading on file currently seeking remand. As a matter of black-letter law, the removal of a proceeding is effective upon the filing of the notice of removal in federal court with notice of the removal provided to the corresponding state court. It does not become "subject to remand' automatically; rather, remand only becomes an issue if a timely motion is filed. To date, none has been filed. Accordingly, because this proceeding is not already subject to remand — and because it is not at all clear that the Court will be asked (or even required) to consider remand prior to considering GNC's motion to transfer venue — GNC

8/cj

would be prejudiced by any extension of time granted to the Plaintiffs to permit them to do that which they already should have done.

3. Federal Rule of Civil Procedure 6(b) states that, when cause is shown, the court may grant an extension of time upon motion after the expiration of time to respond "where the failure to act was the result of excusable neglect." In *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, the Supreme Court noted that when a court is determining whether there was "excusable neglect," the court should consider whether a party requesting an extension of time acted in good faith. 507 U.S. 380, 395 (1993); *see also, MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (excusable neglect requires a demonstration of good faith by the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules). Plaintiffs' request to extend time should be denied because Plaintiffs have failed to demonstrate both the existence of good cause and that their failure to timely respond was "the result of excusable neglect."

4. Plaintiffs' account that they were unable to timely file a response to the motion to transfer venue is without merit. Plaintiffs claim "the trial schedule of lead counsel for Plaintiffs…has interfered with Plaintiffs' ability to timely submit an appropriate opposition." Plaintiffs' counsel, Mr. Goldsmith, is one of several attorneys at two law firms representing the Plaintiffs in this case. Plaintiffs have provided no reason why one of the many other attorneys at those two firms was unable to timely file a response to the motion to transfer venue. The hectic trial schedule of counsel is simply not a reasonable basis for noncompliance with the timelines specified by this Court. *See McIntosh v. Antonino*, 71 F.3d 29, 38 (1st Cir. 1995) (fact that attorney was called out of town on other business on the last day of the extension period was not excusable neglect). "Most attorneys are busy most of the time and they must organize their work

so as to be able to meet the time requirements of matters they are handling or suffer the consequences." *Id.*, citing *Pinero Schroeder v. Federal Nat'l Mortgage Ass'n*, 574 F.2d 1117, 1118 (1st Cir. 1978).

5. Plaintiffs suggest that an extension should be granted because, while GNC's motions to transfer venue in four other jurisdictions made it to "another partner in the firm responsible for the case," GNC's motion to transfer in this case "was inadvertently not forwarded." This excuse is inconsistent with the other excuse provided by Plaintiffs. On the one hand, Plaintiffs argue they missed this Court's filing deadline because they did not have time to draft the response. Alternatively, they argue they missed the deadline because the motion was not timely forwarded to an attorney. Neither excuse provides a sufficient explanation for why they were unable to timely file a response to GNC's motion or why they were unable to timely ask for an extension of time. At the very least, the fact that Plaintiffs' counsel admittedly received similar motions to transfer venue in four of five related lawsuits should have alerted Plaintiffs' counsel to the existence of the fifth.

6. Plaintiffs' motion to enlarge also fails to allege that Plaintiffs acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993) (noting that courts should consider good faith when determining excusable neglect). Indeed, it fails to even allege facts from which it can be inferred that Plaintiffs acted in good faith.

7. Plaintiffs conclusory motion—which is neither verified nor supported by affidavit—fails to demonstrate good cause for an extension or provide any reasonable explanation for why Plaintiffs' conduct rises to the level of "excusable neglect." Accordingly, GNC requests that Plaintiffs' motion for enlargement of time be denied in its entirety.

Dated: May 18, 2006

Respectfully submitted,

By: _____
Elizabeth L. Bevington
Fla. Bar No. 503339
Jason D. Lazarus
Fla. Bar No. 0139040
Holland & Knight LLP
315 South Calhoun Street Suite 600
Tallahassee, FL 32301
Telephone: (850) 425-5606
Facsimile: (850) 224-8832

James G. Munisteri
Michael P. Cooley
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Telephone: 214.999.4824

Attorneys for Defendant, General Nutrition Companies, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that, on May __18th__, 2006, a true and correct copy of the above and foregoing document was mailed, postage prepaid, to the following counsel of record:

John Goldsmith
Trenam, Kernker, Scharf, Barkin, Frye,
O'Neill & Mullis, P.A.
2700 Bank of America Plaza
101 East Kennedy Boulevard
P.O. Box 1102
Tampa, Florida 33602
E-mail: jdgoldsmith@trenam.com

Paul B. Thanasides
Seth Zalkin
Thanasides, Zalkin & Acero
303 Park Avenue South, Suite 1104
New York, New York 10010
E-mail: thanasides@tzalaw.com
E-mail: zalkin@tzalaw.com

_____
Jason D. Lazarus
Counsel to General Nutrition Companies, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case #06-80391-CIV-RYSKAMP\VITUNAC

Shawn Brown, et al.

       Plaintiffs

vs.

General Nutrition Companies, Inc.

       Defendant.        /

ORDER ON PLAINTIFFS' MOTION FOR AN ENLARGEMENT OF TIME

Came to be heard on this day Plaintiff's Motion for Enlargement of Time to Submit Opposition to Defendant's Motion to Transfer Venue to Southern District of New York. Having considered the motion, it is hereby

ORDERED that Plaintifs' Motion for Enlargement of Time to Submit Opposition to Defendant's Motion to Transfer Venue to Southern District of New York is DENIED.

Signed this _____ of _____, 2006.

_____
United States District Judge

# 3796235_v1