UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

SHAWN BROWN, OZAN CIRAK,
LUKE SMITH and THOMAS HANNON,
each individually and on behalf of all others
similarly situated,

    Plaintiffs,

v.

GENERAL NUTRITION COMPANIES, INC.

    Defendant.
_____/

CASE NO. 06-80391

JUDGE: RYSKAMP/Vitunac

### PLAINTIFFS' MOTION TO REMAND AND ABSTAIN AND MEMORANDUM IN SUPPORT

Plaintiffs, by and through their undersigned counsel and pursuant to 28 U.S.C. §1447, 28 U.S.C. 1334(c)(2), 28 U.S.C. 1334(c)(1), 28 U.S.C. 1452(b), and other applicable law hereby requests the Court to remand this proceeding back to the state court from which it was removed to this Court or abstain therefrom. As grounds therefor, the Plaintiffs state:

1. In November 2002, Plaintiffs filed a class action complaint ("Complaint") in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida on behalf of themselves and similarly situated individuals against General Nutrition Companies, Inc. ("GNC"). The Complaint alleges that GNC falsely, deceptively and unfairly markets Steroid Hormone Products as effective and legal promoters of muscle growth in humans. The Steroid Hormone Products marketed by GNC are manufactured by the following companies: Bodyonics, Weider, EAS, Met Rx, Twinlab, Klein-Becker USA, Muscletech and others (collectively, Defendant's "Products"). None of these manufacturers are named as parties in the operative Complaint. GNC has never sought to join the manufacturers in this litigation. Indeed, GNC

1

successfully moved to sever the manufacturer defendants when the initial complaint named all the parties in a single action. As described in the Complaint, Plaintiff alleges that the Steroid Hormone Products do not work for their intended purpose of promoting muscle growth, and would be illegal controlled substances if they did.

2. After nearly four years of litigation in state court, GNC has filed a notice of removal because one of the non-party manufacturers – Muscletech – has declared bankruptcy. GNC asserts that its basis for removal is that the lawsuit against GNC is "related to" the bankruptcy proceeding against Muscletech, under 28 U.S.C. 1334(b). As a result, GNC contends that there is federal jurisdiction under 28 U.S.C. 1452(a), which provides for non-exclusive original federal jurisdiction in such circumstances.

3. Plaintiffs respectfully submit, however, that GNC cannot establish federal jurisdiction because under the present pleadings, Muscletech is not a party, and the outcome of this case could have no effect on any bankruptcy estate being administered under Title 11 of the United States Code. Plaintiffs, therefore, request that this Court remand the case.

## ARGUMENT

### I. STANDARD OF REVIEW

4. Civil actions filed in a state court are removable to a federal district court only if the action could have originally been brought in federal court. 28 U.S.C. § 1441 (a); *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 808 (1986). Federal district courts are courts of limited jurisdiction, and only have the power to act within the dictates of the United States Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). As such, the federal removal statute, 28 U.S.C. § 1441(a), must be narrowly construed, with the presumption being against removal. *Illinois v. Kerr-McGee Chemical Corp.,* 677 F.2d 571, 576

(7th Cir. 1982), *cert. denied*, 459 U.S. 1049. Any doubts concerning the existence of federal jurisdiction based on removal are to be resolved in favor or remand. *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.*, 224 F.3d 708, 715 (7th Cir. 2000).

5. In addition, the party asserting the existence of federal jurisdiction has the burden of satisfying the relevant requirements. *Kokkonen*, 511 U.S. at 377; *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). This burden requires that the removing party prove that there is a "reasonable probability that federal jurisdiction exists." *Smith v. American General Life and Accident Insurance, Inc.*, 337 F.3d 888, 892 (7th Cir. 2003). On a plaintiff's motion for remand, the burden remains on the removing defendant to show why the action should not be remanded, and any lingering doubts must be resolved against the proponents of the federal forum. *See, e.g., Newmark & Lewis, Inc. v. Local 814, Internat'l Brotherhood of Teamsters*, 776 F. Supp. 102, 105 (E.D.N.Y. 1991).

II. **GNC CANNOT ESTABLISH BANKRUPTCY JURISDICTION OVER THIS LITIGATION.**

6. Federal jurisdiction is not present here because this litigation is not "related to" the Muscletech bankruptcy. Under 28 U.S.C. 1334(b), a bankruptcy court has jurisdiction to hear cases "arising in," "arising under," or "related to" a case under Title 11 of the United States Code. The Eleventh Circuit applies the test set forth in *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984) to determine whether "related to" jurisdiction exists. *City of Birmingham Retirement & Relief Fund v. Citigroup, Inc.*, 2003 WL 22697225 (citing *In re Lemco Gypsum, Inc.* 910 F.2d 784, 788 (11th Cir. 1990)). That test is whether the outcome of the proceeding could conceivably have an effect on the bankruptcy estate that is being administered under Title 11. *Pacor* at 994.

7. Courts in the Eleventh Circuit have held that related to jurisdiction does not exist where indemnification claims are contingent and the underlying claim against the party asserting

3

indemnification as a basis for removal is a mere precursor to an indemnity action. *See, Skylark v. Honeywell International, Inc.*, 2002 WL 32101980 (S.D. Fla.); and *Citigroup* at 4. In *Skylark*, this Court found that potential claims for indemnity against the debtor were "simply too tenuous" to support removal and, citing *Pacor*, found that actions against solvent defendants, are at best mere precursors to indemnification claims against the debtor. *Id.*

8. Under the applicable test, bankruptcy jurisdiction does not exist because this litigation will not conceivably affect the amount of property available for an estate being administered under Title 11 of the United States Code. At most, this case is a conflict among potential creditors in Muscletech's Canadian bankruptcy. Muscletech is not a party to this litigation. GNC has never sought to join Muscletech or any other manufacturers as parties in this case under a contribution or indemnity theory. Under the present class definition and procedural status of the case, there is no evidence that Muscletech is obligated to indemnify GNC for any liability in this case. GNC only baldly asserts in its notice of removal that an indemnification agreement or claim exists, without supporting this assertion with any facts whatsoever. In any event, if GNC is found liable here, it must commence a *separate* legal proceeding against Muscletech to seek recovery under its purported indemnification contract or, simply, file its unliquidated claim in the Canadian bankruptcy case. Any later proceedings between GNC and Muscletech might or might not have an effect upon the Muscletech bankruptcy estate in Canada, but the same cannot be said of this litigation. This later proceeding would also have no conceivable effect on the Chapter 15 case pending in the United States.

### III. THIS COURT SHOULD ABSTAIN FROM THIS ACTION

9. "Pursuant to 28 U.S.C. 1334(c)(2), courts must abstain from hearing a state law claim if: (1) the claim has no independent basis for federal jurisdiction other than sec. 1334(b);

(2) the claim is a non-core proceeding; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court." *Skylark* (citing *Schuster v. Mims*, 109 F.3d 237, 239 (5th Cir. 1997); and *In re Ackerman, Herbst & Pliskow*, 221 B.R. 568 (S.D. Florida 1989.)

10. In the instant case, it is undisputed that there is no independent basis for federal jurisdiction, that the claim is a non-core proceeding and that an action has commenced in state court. There is no reason to believe that the action could not be timely adjudicated in state court. For these reasons, this Court should abstain pursuant to 28 U.S.C. 1334(c)(2) or pursuant to 28 U.S.C. 1334(c)(1) as set forth in the following section.

IV. **THIS COURT SHOULD EXERCISE ITS DISCRETION TO REMAND THIS LITIGATION TO STATE COURT.**

11. Even if this Court finds that bankruptcy jurisdiction exists, it may in its discretion remand the case "in the interests of justice, or in the interest of comity with state courts or respect for state law" (28 U.S.C. 1334(c)(1)) or "on any equitable ground" (28 U.S.C. 1452(b). Normally courts apply a multi-factor test involving considerations that include: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity with state courts; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of a right to trial by jury; (7) prejudice to the involuntarily removed parties; and (8) the potential for duplicative and uneconomical use of judicial resources and the lessened possibility of inconsistent results. *Kerusa Co. v. 210Z/515 Real Estate Ltd.*, No. 04-708, 2004 U.S. Dist. LEXIS 8168, *10 (S.D.N.Y. May 6, 2004); *Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 407 (S.D.N.Y. 1991).

5

12. An analysis of these factors justifies remand of this litigation to state court. First, as discussed above, this litigation has no effect on the Canadian bankruptcy estate, because Muscletech is not a party. Second, state law issues clearly predominate because Plaintiffs' only claims arise under Florida statutes, and GNC has raised no federal law issues. Third, the difficulty or unsettled nature of state law in this case is not a factor in this analysis. Fourth, as in any case involving alleged jurisdiction by removal, particularly where only state law claims are alleged, comity concerns point toward remand. Fifth, as previously noted, any relationship between this proceeding and the Canadian bankruptcy case is extremely speculative and highly attenuated. Sixth, Plaintiffs have demanded the right to trial by jury. Seventh, Plaintiffs would be severely prejudiced by the removal and transfer of this action, which would result in its consolidation somehow with the Canadian bankruptcy proceeding and effectively terminate the litigation. Finally, given the fact that this case has been proceeding for nearly four years before the state court, it is simply uneconomical for a federal court to assert jurisdiction at this late date. Because none of the factors counsel in favor of an assertion of jurisdiction in this case, the Court should grant Plaintiffs' motion to remand the litigation to state court.

## CONCLUSION

13. For all the foregoing reasons, plaintiff respectfully requests that this Court grant Plaintiffs' motion for an order remanding this case back to the Court where it was originally filed.

WHERFORE, Plaintiffs respectfully request that this Court Remand this action to state court and grant all such further relief as this Court deems just and appropriate.

Dated: May 18, 2006

*/s/ Amy Drushal*

JOHN D. GOLDSMITH
Fla. Bar No. 444278
JOHN F. PANZARELLA
Fla. Bar No. 68306
AMY L. DRUSHAL
Fla. Bar No. 546895
TRENAM, KEMKER, SCHARF,
  BARKIN, FRYE, O'NEILL & MULLIS,
  Professional Association
P.O. Box 1102
Tampa, FL 33602
Phone: (813) 223-7474
Fax: (813) 229-6553

-and-

PAUL B. THANASIDES
Fla. Bar. No. 103039
THANASIDES, ZALKIN & ACERO
P.O. Box 18795
Tampa, FL 33679
(813) 839-9482
(813) 839-9806 (fax)
Attorneys for Plaintiffs

7

## CERTIFICATE OF SERVICE

I hereby certify that, on May 18, 2006, a true and correct copy of the foregoing was mailed, via Federal Express, to the following counsel of record:

Joseph J. Ward
Elizabeth Bevington
Holland & Knight, LLP
315 South Calhoun Street, Suite 600
Tallahassee, FL 32301

James G. Munisteri
Michael p. Cooley
Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, TX 75201

_____
JOHN D. GOLDSMITH
Fla. Bar No. 444278
JOHN F. PANZARELLA
Fla. Bar No. 68306
AMY L. DRUSHAL
Fla. Bar No. 546895
TRENAM, KEMKER, SCHARF,
 BARKIN, FRYE, O'NEILL & MULLIS,
 Professional Association
P.O. Box 1102
Tampa, FL 33602
Phone: (813) 223-7474
Fax: (813) 229-6553

-and-

PAUL B. THANASIDES
Fla. Bar. No. 103039
THANASIDES, ZALKIN & ACERO
P.O. Box 18795
Tampa, FL 33679
(813) 837-0948
(813) 835-9663 (fax)
Attorneys for Plaintiffs

Plaintiffs FL GNC Final Motion Remand Abstan and Memorandum in
Support.DOC-1619879v1