Case 9:06-cv-80391-KLR Document 10 Entered on FLSD Docket 06/02/2006 Page 1 of 17

Case 9:06-cv-80391-KLR Document 6 Entered on FLSD Docket 06/02/2006 Page 1 of 17

FILED by \_\_\_\_ D.C.
ELECTRONIC

May 30 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case #06-80391-CIV-RYSKAMP\VITUNAC

Shawn Brown, et al.

      Plaintiffs

vs.

General Nutrition Companies, Inc.

      Defendant.      /

## NOTICE OF STAY OF PROCEEDINGS

Having been informed by counsel for MuscleTech Research and Development, Inc. ("MuscleTech") that this proceeding is related to the chapter 15 bankruptcy case styled *In re MuscleTech Research and Development, Inc., et al.*, Case No. 06 Civ 538 (JSR) and pending in the United States District Court for the Southern District of New York (the "New York Court"), and having been informed that the New York Court has directed that a copy of the attached orders be filed in all product liability lawsuits based on the research, marketing, manufacture, sale and distribution primarily of products containing ephedra or prohormones;

**PLEASE TAKE NOTE** that the prosecution of product liability litigation claims against GNC in this action is expressly stayed pursuant to that certain *Order to Show Cause with Temporary Restraining Order and, After Notice and a Hearing, Preliminary Injunction, Enjoining the Commencement or Continuation of Product Liability Actions Against Foreign Applicants and Others In re MuscleTech Research and Development, Inc.*, Case No. 06-10092 (JMP) (Bankr. S.D. N.Y. January 18, 2006), as amended and extended from time to time thereafter.

DALLAS 1661973v1

1 of 17

10pa

PLEASE TAKE FURTHER NOTE that a true and correct copy of the above-referenced order (and all current extensions) is attached as Exhibit A hereto.

Dated: May 30th, 2006

Respectfully submitted,

By: _____
Elizabeth L. Bevington
Fla. Bar No. 503339
Jason D. Lazarus
Fla. Bar No. 0139040
HOLLAND & KNIGHT LLP
222 Lakeview Avenue, Suite 1000
Tallahassee, FL 33401
Telephone: (561) 833-2000
Facsimile: (561) 650-8399

James G. Munisteri
Michael P. Cooley
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Telephone: 214.999.4824

Attorneys for Defendant
GENERAL NUTRITION COMPANIES, INC.

DALLAS 1661973v1

2

## CERTIFICATE OF SERVICE

I hereby certify that, on May 30th, 2006, a true and correct copy of the above and foregoing document was mailed, postage prepaid, to the following counsel of record:

John Goldsmith
Trenam, Kernker, Scharf, Barkin, Frye,
O'Neill & Mullis, P.A.
2700 Bank of America Plaza
101 East Kennedy Boulevard
P.O. Box 1102
Tampa, Florida 33602
E-mail: jdgoldsmith@trenam.com

Paul B. Thanasides
Seth Zalkin
Thanasides, Zalkin & Acero
303 Park Avenue South, Suite 1104
New York, New York 10010
E-mail: thanasides@tzalaw.com
E-mail: zalkin@tzalaw.com

_____
Jason D. Lazarus
Counsel to General Nutrition Companies, Inc.

# 3815423_v1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MUSCLETECH RESEARCH AND DEVELOPMENT INC., *et al.*;<br><br>Foreign Applicants in Foreign Proceedings. | In Cases Under<br>Chapter 15 of the<br>Bankruptcy Code<br><br>Case No. 06-10092 (JMP) |
| In re<br><br>RSM RICHTER INC., AS FOREIGN REPRESENTATIVE OF MUSCLETECH RESEARCH AND DEVELOPMENT INC. AND ITS SUBSIDIARIES,<br><br>Plaintiff,<br><br>v.<br><br>SHARON AGUILAR, an individual; *et al.*,<br><br>Defendants. | Adversary Proceeding<br>No. 06-1147 (JMP) |

**ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING
ORDER AND, AFTER NOTICE AND A HEARING, PRELIMINARY INJUNCTION,
ENJOINING THE COMMENCEMENT OR CONTINUATION OF PRODUCT
LIABILITY ACTIONS AGAINST FOREIGN APPLICANTS AND OTHERS**

Upon the application (the "Application") of RSM Richter Inc., in its capacity as the court-appointed monitor (the "Monitor") and foreign representative of MuscleTech Research and Development Inc. ("MDI") and certain of its subsidiaries (together with MDI, the "Foreign Applicants") in proceedings (the "Canadian Proceedings") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "CCAA") pending before the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court"), pursuant to sections 105(a) and 1519 of title 11 of he United States Code (as amended, the "Bankruptcy Code"), for the



entry of an order to show cause with temporary restraining order, and scheduling a hearing (the "Hearing") on the Monitor's motion for a preliminary injunction as set forth in the complaint (the "Complaint") filed in this adversary proceeding contemporaneously with the Application, enjoining the continuation of all product liability lawsuits based on the research, marketing, manufacture, sale and distribution primarily of products containing ephedra or prohormones, (collectively, the "Product Liability Actions") and the commencement of additional product liability litigation based on products sold by MDI, against the Foreign Applicants, the Non-Applicant Defendants (as defined below) or their respective assets or the proceeds thereof, and the Court having considered and reviewed the Complaint, the joint summons, the petitions filed by the Monitor under chapter 15 of the Bankruptcy Code for each of the Foreign Applicants (collectively, the "Chapter 15 Petitions"), the Affidavit of Ken Coleman and the Declaration of Peter Farkas, each in support of the Application and the Complaint, and the Memorandum of Points and Authorities filed in support of the Chapter 15 Petitions and the Application, each dated January 18, 2006, and the limited order entered by Mr. Justice Farley on January 18, 2006 in the Ontario Superior Court of Justice under the CCAA (collectively the "Supporting Papers"), and based on the foregoing, the Court finds and concludes solely for purposes of this Order pending the Hearing as follows:

(A) The Monitor has demonstrated a substantial likelihood of success that the Foreign Applicants are subject to pending foreign main proceedings in Canada and that the Monitor is the foreign representative of each of the Foreign Applicants;

(B) The commencement or continuation of any Product Liability Action in the United States against one or more of (i) the Foreign Applicants; (ii) Paul Gardiner and Terence Begley; (iii) the Paul Gardiner Family Trust; (iv) Iovate Health Sciences Group Inc., Iovate Health Sciences Inc., Iovate Health Sciences Research Inc., Iovate Health Sciences International Inc., Iovate Health Sciences U.S.A. Inc., Iovate Health Sciences Capital Inc. and Iovate Copyright Ltd.; (v) HVL, Inc. and Douglas Laboratories, Inc.; (vi) Peak Wellness, Inc. and Miami Research Associates Inc., and Carlon Colker, M.D. and Douglas Kalman; (vii) Stuart Lowther; and (viii) certain of the Foreign Applicants' customers that are wholesalers and retailers in the U.S. that sold MDI's products to the

2

general public, namely: Walgreen Co.; Wal-Mart Stores, Inc.; General Nutrition Corporation, n/k/a GN Oldco Corporation; General Nutrition Companies Inc., n/k/a GNCI Oldco, Inc.; General Nutrition Inc., n/k/a GNI Oldco, Inc.; GN Oldco Corporation, f/k/a General Nutrition Corporation; General Nutrition, Inc.; GNC Franchising, LLC; General Nutrition Distribution, L.P.; General Nutrition Distribution Corporation; General Nutrition Sales Corporation; General Nutrition Centers, Inc.; General Nutrition Centers, Inc., n/k/a Oldco Corporation; General Nutrition Companies, Inc.; General Nutrition Center, Store 100122; General Nutrition Center, Store 101603; GNC Corporation; General Nutrition Center International, Inc.; Raaj Singh, individually and t/a GNC/General Nutrition Center #0948; Vitamin World, Inc.; GNC Franchising, Inc.; Mandeville GNC, a/k/a Mackie Shilstone's GNC; CVS Corporation; James R. Wilson; Jackie Kneifel; and Rite Aid Corporation ((ii) – (viii) together, the "Non-Applicant Defendants") or any of their assets or proceeds thereof should be enjoined pursuant to sections 105(a) and 1519 of the Bankruptcy Code to permit the expeditious and economical administration of the foreign estates in the Canadian Proceedings and to allow the parties in interest to explore potential global settlement scenarios to resolve the Product Liability Actions and all related claims in the Canadian Proceedings, and the relief requested will not cause either an undue hardship or that any hardship to parties in interest is outweighed by the benefits;

(C) Unless a temporary restraining order is issued, it appears to the Court that there is a material risk that one or more parties in interest will continue the prosecution of a Product Liability Action (including scheduled discovery) or commence similar product liability litigation based on products sold by MDI, involving one or more of the Foreign Applicants or the Non-Applicant Defendants, thereby potentially interfering with or causing harm to, the Monitor's efforts to administer the Foreign Applicants' estates pursuant to the Canadian Proceedings, and increasing the potential claims against the Foreign Applicants' estates as they and the Non-Applicant Defendants incur further defense costs and expenses, and as a result, the Foreign Applicants may suffer immediate and irreparable injury for which they will have no adequate remedy at law and therefore it is necessary that the Court grant the relief requested without prior notice to the Product Liability Plaintiffs and other parties in interest or their counsel;

(D) The interest of the public will be served by this Court's temporarily granting of the relief requested by the Monitor; and

(E) Venue is proper in this District pursuant to 28 U.S.C. § 1410.

NOW THEREFORE, IT IS HEREBY ORDERED, that all parties in interest to the Complaint come before the Honorable James M. Peck, United States Bankruptcy Judge, for the Hearing at 10:00 o'clock a.m. on January 25, 2006, in Courtroom 601 at the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New

3

York 10004, or as soon thereafter as counsel may be heard, why a preliminary injunction should not be granted:

(A) (i) enjoining, beginning on the date the Court enters such preliminary injunction and continuing for so long as the Canadian stay remains in effect, all persons and entities from continuing any Product Liability Action (including scheduled discovery) or commencing any additional product liability litigation based on products sold by MDI, involving one or more of the Foreign Applicants or the Non-Applicant Defendants, or against their respective assets or the proceeds thereof; and (ii) enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award arising from any Product Liability Action against the Foreign Applicants or the Non-Applicant Defendants or their respective assets or the proceeds thereof, and commencing or continuing any act or action or other legal proceeding (including, without limitation, arbitration, or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever) to create, perfect or enforce any lien, setoff or other claim, based on the products sold by MDI, against the Foreign Applicants or the Non-Applicant Defendants or against any of their respective assets or the proceeds thereof;

(B) requiring that every person and entity that is a plaintiff in a Product Liability Action or other similar legal proceeding (including, without limitation, arbitration, or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever) in which one or more of the Foreign Applicants is or was named as a party, or as a result of which liability against one or more of the Foreign Applicants may be established, place the Monitor's United States counsel on the master service list of any such action or proceeding and take such other steps as may be necessary to ensure that such counsel receives at the address set forth below in the last paragraph of this Order, (i) copies of any and all documents served by the parties to such action or proceeding or issued by the court, arbitrator, administrator, regulator or similar official having jurisdiction over such action or proceeding, and (ii) any and all correspondence, or other documents circulated to parties listed on the master service list;

(C) requiring that with respect to any Product Liability Action or other similar product liability litigation based on products sold by MDI that may be commenced or become known to the Monitor in the future (each a "Subsequent Claim"):

(i) when informed of a Subsequent Claim, counsel for the Monitor shall serve upon the holder of such claim a copy of the Supporting Papers and this Order or any extension thereof;

(ii) the holder of a Subsequent Claim will have twenty (20) days from service of the Supporting Papers in which to file a response thereto or otherwise be enjoined from commencing or continuing any Product Liability Action involving one or more of the Foreign Applicants or the Non-Applicant Defendants, or their respective assets or the proceeds thereof; and

4

(iii) on not less than two (2) days' notice to counsel for the Monitor, the holder of a Subsequent Claim may file a motion seeking an order of the Court vacating or modifying the injunction entered in this proceeding with respect to such Subsequent Claim, and any such request shall be the subject matter of a hearing as scheduled by the Court and otherwise, the holder of a Subsequent Claim may file objections and be heard by the Court in accordance with the terms of any order of the Court providing for a hearing in the future on any subsequent relief sought by the Monitor in this proceeding,

ORDERED, that pending the Hearing, all persons and entities are hereby enjoined from (a) continuing any Product Liability Action (including scheduled discovery) or commencing additional product liability litigation based on products sold by MDI, involving one or more of the Foreign Applicants or the Non-Applicant Defendants, or their respective assets or the proceeds thereof; (b) enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award arising from any Product Liability Action against the Foreign Applicants or the Non-Applicant Defendants or their assets, and commencing or continuing any act or action or other legal proceeding (including, without limitation, arbitration, or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever) to create, perfect or enforce any lien, setoff or other claim, based on the products sold by MDI, against the Foreign Applicants or the Non-Applicant Defendants or against any of their property; and it is further

ORDERED, that any party in interest may make a motion seeking relief from or modifying this Order by, on not less than two (2) days' notice to counsel for the Monitor, filing a motion seeking an order of the Court seeking relief from, vacating or modifying the injunction entered in this proceeding, and any such request shall be the subject matter of a hearing as scheduled by the Court and otherwise, any party in interest may file objections and be heard by the Court in accordance with the terms of any order of the Court providing for a hearing in the future on any subsequent relief sought by the Monitor in this proceeding; and it is further

5

ORDERED, that pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure be, and the same hereby are, waived; and it is further

ORDERED, that this Order shall be served upon counsel for the plaintiffs in the Product Liability Actions (as set forth in Exhibit 2 to the Chapter 15 Petitions), by electronic mail or by facsimile, or in the event service by electronic mail or facsimile cannot be accomplished, then by overnight delivery service, on or before January 19, 2006; and it is further

ORDERED, that copies of the Supporting Papers (with all exhibits thereto) shall be served upon counsel for the plaintiffs in the Product Liability Actions by overnight courier to be received by January 20, 2006; and it is further

ORDERED, that service in accordance with this Order shall constitute adequate and sufficient service and notice; and it is further

ORDERED, that the Supporting Papers shall also be made available by the Monitor upon request at the offices of Allen & Overy LLP, 1221 Avenue of the Americas, New York, New York 10020 to the attention of the following: Kelle Gagné, (212) 756-1197, Kelle.Gagne@allenovery.com; and it is further

ORDERED, that objections, if any, submitted for the purpose of opposing the Monitor's request for a preliminary injunction as set forth more fully in the Complaint and on the terms described above must be made in writing describing the basis therefor and shall be filed with the Court electronically in accordance with General Order M-182 by registered users of the court's Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format, with hard copy to the Chambers of the Honorable James M. Peck, and served upon Allen & Overy LLP, 1221 Avenue of the Americas, New York, New York 10020

6

(Attention: Ken Coleman), United States counsel for the Monitor, so as to be received on or before January 24, 2006 at 11:00 a.m. (New York time); except that the foregoing is without prejudice to the right of any party-in-interest to seek, upon appropriate notice and hearing, to terminate or limit this temporary restraining order and shall not determine the nature and extent of any further relief that may be granted by the Court.

Dated: New York, New York
      January 18, 2006

                              *s/ James M. Peck*
                              UNITED STATES BANKRUPTCY JUDGE

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
In re EPHEDRA PRODUCTS LIABILITY      :
LITIGATION                            :      04 MD 1598 (JSR)
------------------------------------- x
In re MUSCLETECH RESEARCH AND         :
DEVELOPMENT INC., et al.;             :
                                      :
Foreign Applicants in Foreign         :      06 Civ. 538 (JSR)
Proceedings.                          :
                                      :
------------------------------------- x
In re RSM RICHTER INC., AS FOREIGN    :
REPRESENTATIVE OF MUSCLETECH RESEARCH :
AND DEVELOPMENT INC. AND ITS          :      06 Civ. 539 (JSR)
SUBSIDIARIES,                         :
                                      :
            Plaintiff,                :
                                      :
            -v-                       :
                                      :
SHARON AGUILAR, an individual; et     :      ORDER
al.,                                  :
                                      :
            Defendants.               :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

For the reasons stated from the bench, the Court hereby extends the Stay Period (as defined in the January 18, 2006 Order issued by Bankruptcy Judge Peck) through April 6, 2006, on the terms set forth in Judge Peck's order as orally modified at the hearing held earlier today, see transcript, February 9, 2006. The monitor's counsel will submit by no later than February 16, 2006 a proposed new order along the lines suggested by the Court, to substitute for the instant order.

SO ORDERED.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-10-06

1

                                                                                           _____
                                                                                               JED S. RAKOFF, U.S.D.J.

Dated:  New York, New York
          February 9, 2006

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
In re EPHEDRA PRODUCTS LIABILITY    :
LITIGATION                          :      04 MD 1598 (JSR)
------------------------------------ x
In re MUSCLETECH RESEARCH AND       :
DEVELOPMENT INC., et al.;           :
                                    :
Foreign Applicants in Foreign       :      06 Civ. 538 (JSR)
Proceedings.                        :
                                    :
------------------------------------ x
In re RSM RICHTER INC., AS FOREIGN  :
REPRESENTATIVE OF MUSCLETECH RESEARCH :
AND DEVELOPMENT INC. AND ITS        :      06 Civ. 539 (JSR)
SUBSIDIARIES,                       :
                                    :
          Plaintiff,                :
                                    :
          -v-                       :
                                    :
SHARON AGUILAR, an individual; et   :      ORDER
al.,                                :
                                    :
          Defendants.               :
------------------------------------ x
```

JED S. RAKOFF, U.S.D.J.

This Order will serve to clarify and reduce to plain English the Order dated February 9, 2006, which this Order supersedes. Specifically, for the reasons previously stated, the Court grants the injunctive relief requested by RSM Richter Inc. (the "Monitor") on the following terms:

(1) Prosecution in any respect of any "Product Liability Action" (as defined in the Monitor's petitions commencing these actions) is stayed to the extent such action is against:

(a) MuscleTech Research and Development Inc. ("MuscleTech") and/or its subsidiaries;



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3-2-06

(b) any of the affiliates of MuscleTech, namely, Iovate Health Sciences Group Inc., Iovate Health Sciences Inc., Iovate Health Sciences Research Inc., Iovate Health Sciences International Inc., Iovate Health Sciences U.S.A. Inc., Iovate Health Sciences Capital Inc., and Iovate Copyright Ltd.;

(c) Paul Gardiner, Terence Begley, Carlan Colker, Douglas Kalman, and/or Stuart Lowther;

(d) the Paul Gardiner Family Trust;

(e) HVL, Inc., Douglas Laboratories Inc., Peak Wellness, Inc., and/or Miami Research Associates Inc.;

(f) Walgreen Co., Wal-Mart Stores, Inc., General Nutrition Corporation, GN Oldco Corporation, General Nutrition Companies Inc., GNCI Oldco, Inc., General Nutrition, Inc. GNI Oldco, Inc., GNC Franchising, LLC, General Nutrition Distribution, L.P., General Nutrition Distribution Corporation, General Nutrition Sales Corporation, General Nutrition Centers, Inc., Oldco Corporation, General Nutrition Companies, Inc., General Nutrition Center, Store 100122, General Nutrition Center, Store 101603, GNC Corporation, General Nutrition Center International, Inc., GNC Franchising, Inc., Mandeville GNC (a/k/a Mackie Shilstone's GNC), CVS Corporation, Rite Aid Corporation, Jackie Kneifel, Raaj Singh, and/or James R. Wilson; and

(g) any other defendant in a Product Liability Action who claims indemnification from MuscleTech and its subsidiaries.

2

(2) The stay shall continue until completion of the April 6, 2006 status conference in the related Ephedra MDL action, or such time thereafter as the Court then prescribes.

(3) The Monitor and any other interested party who may so desire shall report to the Court at the April 6 hearing regarding the status of the parties' efforts to arrive at a global settlement. The Monitor shall contemporaneously file electronically, with a hard copy to the undersigned's chambers, unredacted copies of any written reports or other papers filed with the Ontario Superior Court in connection with the related Canadian bankruptcy proceedings.

(4) Any interested party may seek relief from, or modification of, this stay by scheduling motion practice in the manner prescribed by the Individual Rules of this Court.

(5) Any interested party may appear at the April 6 hearing and be heard as to any extension of the stay.

(6) Counsel for MuscleTech shall immediately file a copy of this Order in each of the Product Liability Actions to which the Order applies.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       March 2, 2006

3

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
In re: EPHEDRA PRODUCTS LIABILITY   :   04 M.D. 1598 (JSR)
LITIGATION                          :
                                    :
------------------------------------x
PERTAINS TO ALL CASES
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-12-06
```

STATUS ORDER (INCLUDING CASE MANAGEMENT ORDER NO. 24)

JED S. RAKOFF, U.S.D.J.

At the monthly status conference held on April 6, 2006, the Court made the following rulings, which are hereby confirmed (and in some instances modified and supplemented) as follows:

1. The next status conference will be held as previously announced at <u>4:30 pm on Thursday, May 4, 2006</u>.

2. Defendants' motions for summary judgment dismissing the complaint in *Giordano v. Market America* et al., No. 05 Civ. 1018, were granted by separate memorandum order dated April 9, 2006.

3. The request of the Canadian Monitor in the Muscletech bankruptcy to extend until June 9, 2006 the stay of all ephedra cases involving Muscletech products was granted without opposition, provided, however, that the Canadian court also grants a corresponding stay. (Notwithstanding the extension, plaintiff in *Tung v. Muscletech* et al., No. 04 Civ. 10024, may seek relief at the May status conference if the court-approved settlement of that case has not been paid by then.) The Monitor

1

shall file a notice of any stay order issued by the Canadian court and also a notice of the deadlines for the filing of claims, for the service of fact sheets, and for the conversion of claims into civil actions. The Court approved a stipulation, to be so ordered and filed separately, regarding the confidentiality and filing under seal of certain documents.

4. Without opposition, the Court approved TL's motion to dismiss with prejudice six settled cases against TL. A separate order was filed on April 6, 2006.

5. The trial of the Twinlabs Subsequent Cases shall commence at 9 am on October 2, 2006. Before the May status conference, TL and the PCC shall send the Special Master a proposed schedule of deadlines for outstanding discovery and the submission of a final pretrial order.

6. Upon the DCC's application, the Court ordered that all opinion testimony of Raymond L. Woosley, M.D., Ph.D., one of the PCC's "generic" experts, be excluded from the trials of individual ephedra cases because Dr. Woosley declined to revise his report as required by orders of the Court.

SO ORDERED.

JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
April 11, 2006

2