UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

Case No. 06-80391-CIV-RYSKAMP/VITUNAC

SHAWN BROWN, OZAN CIRAK,
LUKE SMITH and THOMAS HANNON,
each, individually and on behalf of all others
similarly situated,

        Plaintiffs,

v.

GENERAL NUTRITION COMPANIES, INC.,

        Defendant.
_____/

## OMNIBUS ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Transfer Venue to the Southern District of New York **[DE 2]** filed on April 19, 2006. The Plaintiffs waived their right to respond to the Motion in their Response to this Court's Order to Show Cause **[DE 13]** filed on June 15, 2006; this Court issued the Order to Show Cause on June 5, 2006 **[DE 11]**. On May 23, 2006, the Plaintiffs filed their Motion to Remand and Abstain **[DE 9]**. The Defendant responded on June 2, 2006 **[DE 12]**. The Plaintiffs did not file a Reply. These Motions are now ripe for adjudication.

Plaintiffs filed this class action in the Fifteenth Circuit Court for West Palm Beach, Florida on November 20, 2002. The Complaint stated that the Defendant has engaged in false or misleading advertising in its marketing and sale of Prohormone Products, which the Defendant claimed can

enhance muscle growth in humans. (Compl.¶¶ 1-5).[1]  The Defendant removed the action to this Court **[DE 1]** pursuant to federal jurisdiction over cases relating to bankruptcy proceedings on April 18, 2006; on January 18, 2006 MuscleTech Research and Development, Inc., filed bankruptcy in both the Southern District of New York and in Canada under Canada's Companies' Creditors Arrangement Act. (Removal Notice ¶ 2; Response at 3).  The question presented in these Motions asks this Court to determine which venue is most appropriate to resolve this dispute, the Southern District of New York as proposed by the Defendant or Florida State Court as advocated by the Plaintiffs.

**Factual Background**

The Defendant argues that the case should be transferred to New York pursuant to 28 U.S.C. §§ 157(a), 1334(b), 1409, and 1412, because this civil proceeding is "related to" the Bankruptcy case involving MuscleTech since MuscleTech is contractually obligated to indemnify GNC for liabilities arising from Plaintiffs' claims. (Transfer Motion at 1-7).  They also argue that transfer is in the interest of justice in that there is a presumption in favor of the home court, this is judicially efficient, and there is no State interest in deciding the issue.  The transfer also promotes convenience to the parties in that GNC, MuscleTech, and the Plaintiffs' counsel are all located in New York and because transfer does not inconvenience witnesses or change the power of the court to issue subpoenas. (Transfer Motion at 5, 7-8).

Although the Plaintiffs waived their right to respond to the Defendant's Motion, they did submit their Motion to Remand or Abstain.  In that Motion, the Plaintiffs first argued that this Court does not have jurisdiction and should remand this case because Muscletech is not a named party and

---

[1] Citations to the record are as follows: Complaint (Compl.), Motion to Transfer (Transfer Motion), Motion to Remand or Abstain (Remand Motion), and Response to the Motion to Remand or Abstain (Response).

that the outcome of this litigation is independent from the bankruptcy litigation involving MuscleTech. (Remand Motion at 2, 3-4). They also argue that this Court must abstain from considering this claim under 28 U.S.C. 1334(c)(2) or exercise discretionary abstention. (Remand Motion at 4-6).

The Defendant responded to the Plaintiffs' Motion and argued that removal was proper because this claim is "related to" MuscleTech's bankruptcy proceeding in that GNC has a contractual indemnification claim for damages against MuscleTech. (Response at 1, 3). GNC contends that "[t]his is not merely a conflict between potential creditors. GNC has an actual, noncontingent claim against MuscleTech that grows with each passing day that litigation continues[.]" (Response at 5-6). GNC argues that a right to contractual indemnification, which results in an automatic damage award, is different from a simple indemnification right which would require the party to file a separate claim for damages. (Response at 5-6). The Defendant cites the *Pacor* Court and argues that, as opposed to instances where a defendant plans to seek indemnity from the debtor in a bankruptcy proceeding, contractual indemnification alone is sufficient to establish the necessary nexus between this case and the bankruptcy proceeding. (Response at 5). GNC argues that it already has a claim against MuscleTech for $200,000 to indemnify it for legal fees and costs incurred in this litigation. (Response at 4-5). This will, the Defendant contends, "necessarily dilute the overall distribution to unsecured creditors" in the MuscleTech bankruptcy and thus affects the allocation of property among MuscleTech's creditors. (Response at 6). Moreover, the Defendant argues that both the Canadian Court and the Southern District of New York have already recognized this claim as "related to" the bankruptcy litigation. (Response at 6-9).

**Legal Standard**

Federal courts possess limited jurisdiction and therefore may only hear cases as authorized by

the Constitution or by Congress. *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1983). In the Eleventh Circuit, the party seeking federal jurisdiction bears the burden of proving jurisdiction and remand is favored in those instances where federal jurisdiction is unclear. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996); *Burns*, at 1095. The basis of removal jurisdiction invoked by the Defendant is under 28 U.S.C. § 1452 where a party may remove a cause of action to the district court for the district where the civil action is pending if the district court has jurisdiction over the action under 28 U.S.C. § 1334.² Section 1334(b) states that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or *related to* cases under title 11." (emphasis added). The inquiry requires a court to determine whether the civil proceeding is sufficiently related to a bankruptcy to confer jurisdiction on the district court. *Lemco Gypsum, Inc., v. Miller*, 910 F.2d 784, 788 (11th Cir. 1990). The test requires a nexus between the civil proceeding and the bankruptcy. *Id*. at 787. This nexus exists when the outcome of the civil proceeding "could conceivably have an effect" on the bankruptcy estate. *Id*. at 788 (adopting the test as articulated in *Pacor Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)). An effect on the bankruptcy estate exists where the outcome of the civil case "could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id*. The "key word" in the test is 'conceivable,' making the jurisdiction extremely broad." *In re Toledo*, 170 F.3d 1340.

---

²Plaintiffs' Remand Motion articulates the standard of review under 28 U.S.C. § 1441. The general removal provisions of that section do not apply when a case is removed pursuant to the bankruptcy litigation under 28 U.S.C. 1452. *See, Pacor Inc. v. Higgins*, 743 F.2d 984, 991-92 (3rd Cir. 1984).

Page -4-

The bankruptcy debtor, or the debtor's estate need not be a named party in the civil proceeding for a court to find the necessary nexus. *Id*. Common issues of fact between a civil proceeding and a bankruptcy is not sufficient to confer jurisdiction. *Id*. at 789. Nor is judicial economy alone sufficient to bestow jurisdiction on a district court. *Id*. Thus, the tension in this area of law is between the conservative grant of federal jurisdiction where remand is required where jurisdiction is unclear and the broad *Lemco* test liberally granting jurisdiction to federal courts in cases where a state proceeding has a conceivable effect on a bankruptcy proceeding.

Defendant relies on its claim that contractual indemnification automatically confers related to jurisdiction and cites the Third Circuit's decision in *Pacor* as authority. However, there is case law in this Circuit that suggests that contractual indemnification does not automatically confer related to jurisdiction. *Nichols v. CitiGroup Global Mkts., Inc.*, 364 F.Supp.2d 1330, 1337 (N.D. Ala. 2004); *Ret. Sys. of Ala. v. J.P. Morgan Chase & Co.*, 285 B.R. 519, 528-29 (M.D. Ala. 2002).

Although contractual indemnification may not automatically allow a court to retain jurisdiction in the Eleventh Circuit, it is a factor that this court can consider when determining whether federal jurisdiction exists. And in this case, it is persuasive. In this case, MuscleTech has agreed to indemnify GNC against any product liability actions. This case is a product liability action concerning MuscleTech's products and MuscleTech is in bankruptcy in the Southern District of New York. As a result, this civil proceeding could conceivably have an effect on the bankruptcy estate when GNC demands that MuscleTech pays for attorney's fees and costs incurred in litigation so far. As litigation continues, costs and fees can only increase. Additionally, if the Plaintiffs were to prevail, GNC would again demand that MuscleTech indemnify it against any award. The Defendants have stated that they have already incurred over $200,000 in expenses. (Response at 5). Finally, this Court finds persuasive

the fact that other district courts have already determined that related to jurisdiction exists and have accordingly transferred their cases to the Southern District of New York. (Supp. Memo., Exhibit A-B). Thus, this Court finds that the test first articulated in *Pacor* and adopted by this Circuit in *Lemco* is sufficiently broad to confer related to jurisdiction in this case based on the indemnification clause.

Since this Court has found that related to jurisdiction exists, the Plaintiffs have argued that this court should abstain from exercising its jurisdiction based on two theories: one of mandatory abstention and one of discretionary abstention.

The Plaintiff points to 28 U.S.C. § 1334(c)(2) which requires a court to abstain from a state law claim that is related to a bankruptcy case, where federal jurisdiction would not have existed absent "related to" jurisdiction, if an action was originally brought in state court and the state court can timely adjudicate the action. *See*, *Christo v. Padget*, 223 F.3d 1324, 1331 (11th Cir. 2000)(holding that the mandatory abstention provision in § 1334 applies to cases that were removed to federal court under § 1452). There is no dispute that the only federal jurisdiction present in this case is related to jurisdiction. It is also undisputed that this case was originally filed in state court under a state law claim. Thus, the only remaining question is whether the state court could timely adjudicate the action. Plaintiff bears the burden to prove that the bankruptcy proceeding can be timely adjudicated in state court. *In re United Container LLC*, 284 B.R. 162, 174 (Bankr. S.D. Fla. 20025). This case has been litigated in state court for over four years, no class has been certified, and discovery is still ongoing. This statement is not intended to blame or belittle the state court's progress in this matter. Nonetheless, it has been well over four years and the case is still in the beginning stages of litigation. The Plaintiff has the burden to overcome this evidence and to convince this Court that the state judicial system can timely adjudicate this matter; the Plaintiff has failed to provide such evidence. Moreover,

Page -6-

other Courts have already transferred similar cases to the Southern District of New York. Thus, this Court is not mandated to abstain from this case.

Finally, the Plaintiff asks this Court to exercise discretionary abstention based on 28 U.S.C. § 1334(c)(1). This allows a court to abstain from hearing a case when it is in the interest of justice, comity with State courts, or respect for state law. § 1334(c)(1). Courts consider multiple non-exclusive factors when determining whether to exercise discretionary abstention: (1) effect on the efficient administration of the bankruptcy estate; (2) predominance of state law issues; (3) difficult or unclear nature of the applicable state law; (4) presence of related proceedings in other non-bankruptcy courts; (5) comity with state courts, (6) any jurisdictional basis aside from § 1334 (7) degree of relatedness of the proceeding to the bankruptcy estate; (8) if a jury trial is available; (9) prejudice to the removed parties; and (10) considerations of judicial economy. *In re Terry Mfg. Co. Inc.*, 324 B.R. 147, 154 (Bankr. M.D. Ala. 2005).

Taking these factors as a whole, this Court declines to exercise its discretionary abstention power. First, because of the indemnification clause, the MuscleTech estate is responsible for GNC's attorney's fees and costs that already exceed $200,000. Moreover, if the Plaintiff does prevail, MuscleTech would have to cover the cost of the award against GNC. Second, although Plaintiff only alleges state law issues, they are not unsettled or difficult legal questions. There are also a number of similar claims that have been brought by the Plaintiff's law firm nationwide. All of these claims seem to include a similar indemnification contract that will again subject the MuscleTech bankruptcy estate to major financial liabilities. Finally, judicial economy is best served by consolidating all of the related to proceedings to the Southern District of New York for consideration.

THE COURT has considered the motions and the pertinent portions of the record, and for the

Page 8                                                  UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

aforementioned reasons, it is hereby,

ORDERED AND ADJUDGED that Defendant's Motion to Transfer Venue to the Southern District of New York **[DE 2]** is **GRANTED** and Plaintiffs' Motion to Remand and Abstain **[DE 9]** is **DENIED**. Accordingly, subject to the consent of the U.S. District Court for the Southern District of New York, this case shall be TRANSFERRED thereto. The Clerk of the court shall also CLOSE this case and DENY any pending motions at MOOT.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 19day of October, 2006.

                                                 /s/ Kenneth L. Ryskamp
                                                 KENNETH L. RYSKAMP
                                                 UNITED STATES DISTRICT JUDGE

Copies provided:
John Goldsmith, Esq.
Paul B. Thanasides, Esq.
Joseph J. Ward, Esq.
James G. Munisteri, Esq.