**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SHAWN BROWN, OZAN CIRAK, LUKE SMITH and THOMAS HANNON, each individually and on behalf of all others similarly situated**

**Plaintiffs,**

**Case No.: 1:07-CV-06356-JSR**
**Related Case No.: 1:04-MD-01598-JSR**

**vs.**

**GENERAL NUTRITION COMPANIES, INC.**

**Defendant.**

**______________________________________/**

**PLAINTIFFS' MOTION TO REMAND AND MEMORANDUM IN SUPPORT**

Plaintiffs, by and through their undersigned counsel and pursuant to 28 U.S.C. §1447, 28 U.S.C. 1334(c)(2), 28 U.S.C. 1334(c)(1), 28 U.S.C. 1452(b), and other applicable law hereby requests the Court to remand this proceeding back to the state court from which it was removed to this Court or abstain therefrom. As grounds therefore, the Plaintiffs state:

In November 2002, Plaintiffs filed a class action complaint ("Complaint") in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida on behalf of themselves and similarly situated individuals against General Nutrition Companies, Inc. ("GNC"). The Complaint alleges that GNC falsely, deceptively and unfairly markets Steroid Hormone Products as effective and legal promoters of muscle growth in humans. The Steroid Hormone Products marketed by GNC are manufactured by the following companies: Bodyonics, Weider, EAS, Met Rx, Twinlab, Klein-Becker USA, Muscletech and others (collectively, Defendant's "Products"). None of these manufacturers are named as parties in the operative Complaint. GNC has never sought to join the manufacturers in this litigation. Indeed, GNC successfully moved to sever the manufacturer defendants when the initial complaint named all the parties in a single action. As

described in the Complaint, Plaintiff alleges that the Steroid Hormone Products do not work for their intended purpose of promoting muscle growth, and would be illegal controlled substances if they did. No claims being made in this case relate to personal injury claims, but instead are solely consumer claims.

After nearly four years of litigation in state court, on April 18, 2006, GNC filed a notice of removal in the United States District Court for the Southern District of Florida because one of the non-party manufacturers – Muscletech – declared bankruptcy on January 18, 2006 under Chapter 15 of the Bankruptcy Code in the Ontario Superior Court of Justice in the country of Canada ("Canadian Proceedings"). GNC asserted that its basis for removal was that the lawsuit against GNC was "related to" the bankruptcy proceeding against Muscletech, under 28 U.S.C. 1334(b). As a result, GNC contended that there is federal jurisdiction under 28 U.S.C. 1452(a), which provides for non-exclusive original federal jurisdiction in such circumstances.

Although Muscletech was not a party to the suit against GNC, the case was ultimately removed. Plaintiffs subsequently filed a Motion to Remand in the District Court of the Southern District of Florida, but the Motion to Remand was not ruled on prior to the case being transferred to this Court.

On May 30, 2006, GNC filed in the District Court for the Southern District of Florida an Order, dated January 18, 2006, entered in the Bankruptcy Court of the Southern District of New York entitled Order to Show Cause With Temporary Restraining Order, And, After Notice and a Hearing, Temporary Injunction, Enjoining the Commencement or Continuation of Products Liability Actions Against Foreign Applicants and Others ("Temporary Injunction Order"). The Temporary Injunction enforced the orders entered in the Canadian Proceedings and enjoined the

continuation of any products liability actions which involved the sale of products developed by the bankruptcy debtor, Muscletech.

Ultimately, the Canadian Court entered a permanent injunction, which this Court enforced. On September 28, 2006, the parties entered a Joint Stipulation of Dismissal with Prejudice, which dismissed each claim against GNC that related to the sale of Muscletech products.

GNC also attempted to remove and transfer to the Southern District of New York state court Andros cases similar to the instant case that were pending in California and Illinois. However, the district courts in those respective states remanded the cases based on Plaintiff's agreement to dismiss the claims against GNC relating to the sale of Muscletech products.

Plaintiffs respectfully submit that because Muscletech is not a party to this suit, any claims against GNC involving its sale of Muscletech products have been dismissed from this case, and the outcome of this case could have no effect on any bankruptcy estate being administered under Title 11 of the United States Code, the Court should abstain from continuing to exercise jurisdiction of this case. Plaintiffs, therefore, request that the Court remand the case back to the State Court of Florida in which Plaintiffs' Complaint was originally filed.

## ARGUMENT

### I. STANDARD OF REVIEW

Civil actions filed in a state court are removable to a federal district court only if the action could have originally been brought in federal court. 28 U.S.C. § 1441(a); *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Federal district courts are courts of limited jurisdiction, and only have the power to act within the dictates of the United States Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). As

such, the federal removal statute, 28 U.S.C. § 1441(a), must be narrowly construed, with the presumption being against removal. *Illinois v. Kerr-McGee Chemical Corp*., 677 F.2d 571, 576 (7th Cir. 1982), cert. denied, 459 U.S. 1049. Any doubts concerning the existence of federal jurisdiction based on removal are to be resolved in favor or remand. *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc*., 224 F.3d 708, 715 (7th Cir. 2000).

In addition, the party asserting the existence of federal jurisdiction has the burden of satisfying the relevant requirements. *Kokkonen*, 511 U.S. at 377; See also *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). This burden requires that the removing party prove that there is a "reasonable probability that federal jurisdiction exists." *Smith v. American General Life and Accident Insurance, Inc.*, 337 F.3d 888, 892 (7th Cir. 2003). On a plaintiff's motion for remand, the burden remains on the removing defendant to show why the action should not be remanded, and any lingering doubts must be resolved against the proponents of the federal forum. See, e.g., *Newmark & Lewis, Inc. v. Local 814, Internat'l Brotherhood of Teamsters*, 776 F. Supp. 102, 105 (E.D.N.Y. 1991).

**II. THIS COURT MUST ABSTAIN FROM THIS ACTION PURSUANT TO 28 U.S.C. 1334(C)(2).**

This Court should abstain from hearing this action. Pursuant to 28 U.S.C. 1334(c)(2), courts must abstain from hearing a state law claim if: "(1) the claim has no independent basis for federal jurisdiction other than sec. 1334(b); (2) the claim is a non-core proceeding; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court." *Skylark* (citing *Schuster v. Mims*, 109 F.3d 237, 239 (5th Cir. 1997); and *In re Ackerman, Herbst & Pliskow*, 221 B.R. 568 (S.D. Florida 1989.)

Mandatory abstention applies where "(1) the motion to abstain was timely; (2) the action is based on a state law claim; (3) the action is related to but not arising in a bankruptcy case or

arising under the Bankruptcy Code; (4) section 1344 provides the sole basis for federal jurisdiction; (5) an action is commenced in state court; (6) that action can be timely adjudicated in state court." *Von Richthofen v. Family M. Foundation Ltd.*, 339 B.R. 315 (S.D.N.Y. 2005) (citations omitted.)

In determining whether this Court must abstain from hearing this action pursuant to the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2), the Court must analyze three factors: (1) whether the proceeding is a "core" proceeding within the meaning of 28 U.S.C. § 157(2); (2) whether the proceeding is a civil proceeding which could not have been commenced in the courts of the United States absent jurisdiction based on Title 11; and (3) whether the civil proceeding can be timely adjudicated in the other form. See *In re: Harloff*, 236 B.R. 438 (Bankr. M.D.Fla. 1988); also see *Hillsborough Holdings Corporation v. Celotex Corporation*, 132 B.R. 1004 (Bankr. M.D.Fla. 1990).

As explained by the court in *In re: Harloff*, 236 B.R. 438 (Bankr. M.D.Fla. 1988), if the grounds for abstention under 28 U.S.C. § 1334(c)(2) are met, abstention is mandatory:

> § 1334(c)(2) of the Bankruptcy Code requires bankruptcy courts to abstain from hearing state law claims under circumstances where (1) a timely motion is filed; (2) a pure state-law claim or cause of action is asserted; (3) the proceeding is "related" to a case under Title 11, but does not "arise under" or "arise in" a Title 11 case; (4) there is a lack of federal court jurisdiction absent jurisdiction under § 1334; (5) a pre-petition state court action; and (6) there is a probability of timely adjudication in a court of appropriate jurisdiction.
>
> 236 B.R. at 440.

In addition, the Second Circuit Court of Appeals in *Hachamovitch v. Debuono*, 159 F. 3d 687 (1998) held that the *Burford* abstention is appropriate where the exercise of federal review of

the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.

In the instant case, all criteria for mandatory abstention under 11 U.S.C. 1334(c)(2) and the under the *Burford* abstention standard are satisfied and mandatory abstention is required. Specifically, the case involves only Florida state law claims between Plaintiffs and GNC, the case was removed by GNC solely on the basis that it is "related to" a bankruptcy proceeding, and it does not "arise" or otherwise "arise in" the Bankruptcy Code; (4) this case could not have been brought in Federal District Court absent bankruptcy jurisdiction under 28 U.S.C. § 1334, and (5) this action can be timely adjudicated in the State Court of Florida as it was commenced before the matter was removed to the federal court of Florida, and ultimately to this Court.

Clearly this action does not "arise under" Title 11 nor does it arise in a case under Title 11 since the action was started prior to the date of the filing of the bankruptcy petition, it exists separately and independently of the Muscletech bankruptcy proceeding, involves only Florida state law causes of action, rather than rights created by Title 11. See *In re: Riverside Nursing Home*, 144 B.R. 951, 955 (S.D.N.Y. 1992).

Neither diversity nor federal court jurisdiction exists over this action. Federal jurisdiction is not present here because this litigation is not "related to" the Muscletech bankruptcy. Under 28 U.S.C. 1334(b), a bankruptcy court has jurisdiction to hear cases "arising in," "arising under," or "related to" a case under Title 11 of the United States Code. The Third Circuit applies the test set forth in *Pacor, Inc. v. Higgins,* 743 F.2d 984 (3d Cir. 1984) to determine whether "related to" jurisdiction exists. That test is whether the outcome of the proceeding could conceivably have an effect on the bankruptcy estate that is being administered under Title 11. *Pacor at* 994. The Third Circuit again applied that test in *In re Federal-Mogul Global, Inc.,* 300 F.3d 368 (2002).

Both the *Pacor* and *Federal* Courts held that related to jurisdiction does not exist where indemnification claims are contingent and the underlying claim against the party asserting indemnification as a basis for removal is a mere precursor to an indemnity action. *See Federal* at 382; and *Pacor* at 995.

Under the applicable test, bankruptcy jurisdiction does not exist here because Muscletech is not a party to this lawsuit, GNC can no longer seek indemnification from Muscletech, and neither GNC nor Plaintiffs are creditors in the Muscletech bankruptcy. As a result of the Canadian insolvency proceeding which has confirmed Muscletech's Plan, and this Court's order which confirmed and recognized the Canadian Orders, GNC and Plaintiffs are no longer creditors of Muscletech. Furthermore, as a result of GNC's agreement with Muscletech which became apart of the Plan, GNC's indemnification rights are gone, and thus the instant action has absolutely no relation to Muscletech.

GNC's Notice of Removal was based solely on the bankruptcy case of Muscletech, which is not a party to this lawsuit. The injunction in this case was based solely on Muscletech bankruptcy. However, because the parties have now dismissed any claims involving GNC's sale of Muscletech products, neither diversity nor federal court jurisdiction exist in this action. Finally, this case can be timely adjudicated in state court. See also *Naylor v. Case & McGrath, Inc.*, 585 F. 2d 1557 (2nd Cir. 1978) (where, after federal claims were dropped from the case, the only remaining claims related to state law and the question of whether plaintiff had standing to bring an action under the state Unfair Trade Practices Act, where state courts had not passed on the issues, and where one state trial court had issued a ruling which indicated that it was taking a different view of the Act than was federal court, federal court should have abstained.)

Finally, the basis of Plaintiffs claims are based upon Florida's statutory law of the Unfair Trade Practices Act which was specifically designed to protect Florida residents, and became a matter of significant public concern for Florida consumers. Therefore, in considering the standard for abstention under the Burford doctrine, a Florida state court would be in a much better position to enforce its statutorily created consumer protection law.

Consequently, each of the elements for mandatory abstention have been met and, therefore, this Court must abstain from hearing this non-core, removed proceeding pursuant to 28 U.S.C. § 1334(c)(2).

## III. THIS COURT SHOULD EXERCISE ITS DISCRETION TO ABSTAIN FROM HEARING THIS CASE AND REMAND THIS LITIGATION BACK TO THE FLORIDA STATE COURT.

Even if this Court finds that bankruptcy jurisdiction exists, it may in its discretion remand the case "in the interests of justice, or in the interest of comity with state courts or respect for state law" (28 U.S.C. 1334(c)(1)) or "on any equitable ground" (28 U.S.C. 1452(b). Normally courts apply a multi-factor test involving considerations that include: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity with state courts; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of a right to trial by jury; (7) prejudice to the involuntarily removed parties; and (8) the potential for duplicative and uneconomical use of judicial resources and the lessened possibility of inconsistent results. *Kerusa Co. v. 210Z/515 Real Estate Ltd.*, No. 04-708, 2004 U.S. Dist. LEXIS 8168, *10 (S.D.N.Y. May 6, 2004); *Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 407 (S.D.N.Y. 1991).

An analysis of these factors justifies remand of this litigation to state court. First, as discussed above, this litigation has no effect on the Canadian bankruptcy estate, because Muscletech is not a party and since the parties have dismissed any claims against GNC that relate to the sale of Muscletech products.. Second, state law issues clearly predominate because Plaintiffs' only claims arise under Florida statutes, and GNC has raised no federal law issues.

Third, the difficulty or unsettled nature of state law in this case is not a factor in this analysis. Fourth, as in any case involving alleged jurisdiction by removal, particularly where only state law claims are alleged, comity concerns point toward remand. Fifth, as previously noted, any relationship between this proceeding and the Canadian bankruptcy case is extremely speculative and highly attenuated. Sixth, Plaintiffs have demanded the right to trial by jury. Seventh, Plaintiffs would be severely prejudiced by the Court's continual exercise of jurisdiction of this action, which would result in its consolidation somehow with the Canadian bankruptcy proceeding and effectively terminate the litigation.

Finally, given the fact that this case had been proceeding for nearly four years before the state court in Florida, it is simply uneconomical for a federal court to assert jurisdiction at this late date. Because none of the factors counsel in favor of an assertion of jurisdiction in this case, the Court should grant Plaintiffs' motion to remand the litigation to the Florida state court in which the Complaint was originally filed.

**CONCLUSION**

For all the foregoing reasons, plaintiff respectfully requests that this Court grant Plaintiffs' motion for an order remanding this case back to the Florida State Court where it was originally filed.

WHEREFORE, Plaintiffs respectfully request that this Court Remand this action to state court and grant all such further relief as this Court deems just and appropriate.

Dated: October 29, 2007

/s/ John D. Goldsmith

JOHN D. GOLDSMITH
Fla. Bar No. 444278
jgoldsmith@trenam.com
KATIE M. BRINSON
Fla. Bar No. 0022367
TRENAM, KEMKER, SCHARF,
BARKIN, FRYE, O'NEILL & MULLIS,
Professional Association
P.O. Box 1102
Tampa, FL 33602
Phone: (813) 223-7474
Fax: (813) 229-6553

-and-

JOHN F. PANZARELLA, Esquire
Fla. Bar No. 68306
McIntyre Law Firm, P.L.
6987 E. Fowler Avenue
Temple Terrace, FL 33617-1714
Telephone: (813) 899-6059

-and-

PAUL B. THANASIDES
Fla. Bar. No. 103039
THANASIDES, ZALKIN & ACERO
P.O. Box 18795
Tampa, FL 33679
(813) 839-9482
(813) 839-9806 (fax)
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Plaintiffs' Motion to Remand and Memorandum in Support has been sent via facsimile and/or US Mail to: James Marks, Esq., 195 Broadway, NY, NY 10007, and James Munisteri, Esq., 1000 Louisiana, Suite 3400, Houston, TX 77002 on this 29th day of October, 2007.

/s/ John D. Goldsmith
Attorney