James V. Marks (JM 6257)
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY  10007
(212) 513-3200

Attorneys for Defendant,
GENERAL NUTRITION COMPANIES, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SHAWN BROWN, individually and on behalf of all
others similarly situated,

                Plaintiffs,

                                         07-cv-06356

v.

GENERAL NUTRITION COMPANIES, INC.,

                Defendant.
------------------------------------------------------------------------x

## MEMORANDUM IN OPPOSITION TO
## PLAINTIFFS' SECOND MOTION TO REMAND AND ABSTAIN

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................iii

PRELIMINARY STATEMENT.........................................................1

PROCEDURAL BACKGROUND......................................................2

ARGUMENT AND AUTHORITIES..................................................5

    A.  Federal jurisdiction arising under Section 1334
        is determined on the basis of the facts at the time of removal...........................5

    B.  This Court should, as with Plaintiffs' First Motion
        to Remand, reject Plaintiffs' request that this
        Court abstain from hearing this case......................................................7

    C.  Efficiency weighs strongly in favor of denying Plaintiffs' Second
        Motion to Remand...............................................................................10

CONCLUSION.............................................................................12

CERTIFICATE OF SERVICE...........................................................13

# TABLE OF AUTHORITIES

## CASES

*Allen v. J.K. Harris & Co., LLC,*
    331 B.R. 634 (Bankr. E.D. Pa. 2005) ...............................................................10

*Owens-Illinois, Inc. v. Rapid Am Corp. (In re Celotex Corp.),*
    124 F.3d 619 (4th Cir. 1997) .............................................................................5

*In re Porges,*
    44 F.3d 159 (2d Cir. 1995)......................................................................6, 7, 11

*Republic Reader's Serv., Inc. v. Magazine Serv. Bureau, Inc. (In re Republic Reader's*
    *Serv., Inc.),*
    81 B.R. 422 (Bankr. S.D. Tex. 1987) ................................................................8

*Stoe v. Flaherty,*
    436 F.3d 209 (3d Cir. 2006).............................................................................9

*In re Toledo,*
    170 F.3d 1340 (11th Cir. 1999) ........................................................................5

*In re WorldCom, Inc. Securities Litigation,*
    294 B.R. 553 (S.D.N.Y. 2003)..........................................................1, 5, 6, 8, 11

## STATUTES

28 U.S.C. §§ 1334(c) .................................................................................................9

## RULES

Fed. R. Civ. P. 10(c) ..................................................................................................4

General Nutrition Companies, Inc. ("GNC") hereby files this memorandum in opposition to Plaintiff, Shawn Brown's, Luke Smith's, Ozan Cirak's, and Thomas Hannon's second motion to remand ("Second Motion to Remand").

## PRELIMINARY STATEMENT

1.      Just over a year ago, on October 19, 2006, the United States District Court for the Southern District of Florida, after carefully considering the substantial briefing by both parties and the facts existing at the time of removal, denied Plaintiffs' first motion to remand ("First Motion to Remand").  The Court concluded that federal jurisdiction was proper pursuant to sections 1334 and 1452 of the United States Code.[1]  Plaintiffs, by their Second Motion to Remand, improperly seek to have this Court reverse the United States District Court for the Southern District of Florida's October 19, 2006 Omnibus Order, arguing, incorrectly, that the confirmation of a related bankruptcy plan divests the Federal courts of jurisdiction.  However, Federal jurisdiction arising under Section 1334 of the Bankruptcy Code, as here, "is decided, like federal jurisdiction generally, on the basis of the facts at the time of removal."[2]  Because the United States District Court for the Southern District of Florida has already fully considered and ruled on jurisdiction based on the facts at the time of removal, this Court should, once again, deny Plaintiffs' second attempt to remand.[3]

---

[1] See October 19, 2006 Omnibus Order Denying Motion to Remand, attached hereto as Exhibit A.

[2] See In Re WorldCom, Inc. Securities Litigation, 294 B.R. 553, (S.D.N.Y. 2003).

[3] Notably, in August 2007, well before Plaintiffs filed their Second Motion to Remand, GNC provided Plaintiffs' attorneys with a copy of the WorldCom case.  Plaintiffs' Second Motion to Remand completely ignores this significant precedent.

2.    Plaintiffs, once again, assert their abstention and discretionary remand arguments—arguments fully articulated, and rejected by the Florida Federal Court (and three other Federal courts), in Plaintiffs' First Motion to Remand.[4]  As the United States District Court for the Southern District of Florida held, mandatory abstention is not appropriate because the state court is not, and was not able to timely adjudicate this action.  Permissive abstention or discretionary remand is not appropriate because the state law issues alleged are not unsettled or difficult legal questions and judicial economy is best served in consolidating all of the Andro Actions.[5]

3.    Further, by consolidating this Action with the other three nearly identical actions currently pending in this Court (the "Andro Actions"), GNC offers the promise of consistent and efficient resolution of these four cases, including a coordinated mediation process as well as administration of multiple cases involving similar factual and legal issues.  In contrast, Plaintiffs ask this Court to remand this (and the other Andro Actions) so that they may continue to be litigated in an inefficient, piecemeal fashion for years to come.  Under these circumstances, neither abstention nor remand is appropriate.

## PROCEDURAL BACKGROUND

4.    This Court currently exercises jurisdiction over four nearly identical class action lawsuits (collectively, as indicated above, the "Andro Actions") commenced by plaintiffs in different states against GNC relating to the sale of certain nutritional products alleged to contain

---

[4] *See* Plaintiffs' First Motion to Remand, Sections III and IV, attached hereto as Exhibit B.

[5] *See* October 19, 2006 Omnibus Order Denying Motion to Remand, attached hereto as Exhibit A.

the ingredients commonly known as Androstenedione, Androstenediol, Norandrostenedione, and Norandrostenediol.[6]

5.      In each case, the plaintiffs seek to certify a class and obtain damages on behalf of themselves and all those similarly-situated who purchased certain nutritional supplements from GNC alleged to contain these ingredients.  Each lawsuit alleges the same basic facts and presents the same basic legal issues, and each putative (although not yet certified) class is represented by the same law firms representing Plaintiffs in this proceeding.

6.      Plaintiffs filed this particular action in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida on November 20, 2002.  The Complaint alleges that GNC deceptively marketed and sold products containing one or more steroid hormones, including products manufactured by MuscleTech Research and Development ("MuscleTech").

7.      Prior to this lawsuit, MuscleTech entered into a contractual obligation to indemnify GNC for all liability, loss and damage, including reasonable counsel's fees, resulting from the sale or use of the products or any litigation based thereon. On January 18, 2006, MuscleTech filed for bankruptcy protection in both the Southern District of New York and in Canada under Canada's Companies' Creditors Arrangement Act.

8.      On April 18, 2006, pursuant to 28 U.S.C. §§ 1334(b) and 1452(a)—"related to" jurisdiction, GNC removed this action from state court.

---

[6] The four Andro Actions currently pending in this Court are: *Shawn Brown, et. al. v. GNC*, Cause No. 1:07-CV-06356; *Harry Rodriguez v. GNC*, Cause No. 1:06-CV-2987; *Abrams v. GNC*, Cause No. 1:06-CV-07881; and *Andrew Toth, et. al. v. GNC*, Cause No. 1:07-cv-02721). A nearly identical lawsuit in Illinois was recently dismissed, on November 4, 2007, for want of prosecution.  A sixth Andro Action is currently pending in California.

9.     On May 23, 2006, Plaintiffs filed their first motion to remand, arguing that (1) GNC cannot establish bankruptcy jurisdiction, (2) the Court should abstain from this action, and (3) the Court should exercise its discretion to remand the litigation to State Court. GNC's response demonstrated that, pursuant to 28 U.S.C. § 1334 and § 1452—"related to" bankruptcy jurisdiction, this Court has jurisdiction over this matter, while also articulating the rationale, including, primarily, judicial efficiency, for this Court to reject Plaintiffs' request that this Court abstain from hearing this matter.[7]

10.     On October 19, 2006, the United States District Court for the Southern District of Florida, after considering the substantial briefing submitted by both parties, and the facts at the time of removal, denied Plaintiffs' First Motion to Remand, concluding that federal jurisdiction was proper pursuant to sections 1334 and 1452 of the United States Code.[8]

11.     On February 15, 2007, pursuant to Canada's Companies' Creditors Arrangement Act, the Ontario Superior Court of Justice (the "Ontario Court") entered an order (the "Ontario Court Sanction Order") approving MuscleTech's Plan of Compromise or Arrangement ("CCAA Plan"). On March 7, 2007, this Court entered an Order recognizing and giving full force and effect in the United States to the Ontario Court's Sanction Order and the CCAA Plan.

12.     On September 28, 2006, the parties executed a Joint Stipulation of Dismissal with Prejudice, which dismissed each claim against GNC that related to the Muscletech products.

---

[7] Pursuant to FED. R. CIV. P. 10(c), GNC's Memorandum of Law in Opposition to Plaintiffs' [First] Motion to Remand, attached hereto as Exhibit C, is incorporated by reference as if set forth fully herein.

[8] *See* October 19, 2006 Omnibus Order Denying Motion to Remand, attached hereto as Exhibit A.

13.    On October 29, 2007, Plaintiffs filed their Second Motion to Remand, asking this Court to reverse the United States District Court for the Southern District of Florida's October 19, 2006 Order denying Plaintiffs' First Motion to Remand.

## ARGUMENT AND AUTHORITIES

**A.    Federal jurisdiction arising under Section 1334 is determined on the basis of the facts at the time of removal.**

14.    "Federal jurisdiction arising under Section 1334 [as here] is determined, like federal jurisdiction generally, ***on the basis of the facts at the time of removal***."[9]

15.    In *WorldCom*, the Court considered a remarkably similar situation to the ones presented now. In that case, the collapse of WorldCom gave rise to numerous lawsuits against WorldCom and those associated with the company. Lawsuits asserting claims arising under the securities laws were filed in both federal district court and state courts across the country ("State Court Actions"). *Id.* Many defendants removed the State Court Actions to federal court on the theory that they were related to WorldCom's bankruptcy. The cases were transferred to the Southern District of New York for efficiency purposes.[10]

16.    Like the Plaintiffs in the instant case, several plaintiffs in the WorldCom State Court Actions (the "WorldCom Plaintiffs") sought remand, arguing that "related to" subject matter jurisdiction was lacking and that the district court should abstain from hearing the State Court Actions. The District Court for the Southern District of New York, denying remand, held

---

[9] *In re WorldCom*, 294 B.R. at 556 (citing *In re Bisssonnet Invs. LLC*, 320 F.3d 520, 525 (5th Cir. 2003); *Owens-Illinois, Inc. v. Rapid Am Corp. (In re Celotex Corp.)*, 124 F.3d 619, 626 (4th Cir. 1997); *In re Toledo*, 170 F.3d 1340, 1346 n.8 (11th Cir. 1999)).

[10] Just as the Andro Actions have been transferred to this court for efficiency purposes.

that removal was proper under 28 U.S.C. § 1452 because there was federal jurisdiction over the actions as "related to" WorldCom's bankruptcy estate pursuant to 28 U.S.C. § 1334 and that there was not sufficient reason to abstain from hearing the cases.

17.    When it became clear that a bankruptcy reorganization plan would be confirmed, the WorldCom Plaintiffs filed motions requesting that the court reconsider its previous denial of their motion to remand. The WorldCom plaintiffs argued that the confirmation of the plan would divest the court of "related to" jurisdiction because the plan "is likely to limit the defendants ability to recover from the estate on their indemnification and contribution claims."[11]

18.    The Court held that "[a]lthough the Second Circuit standard for "related to" jurisdiction requires a court to determine whether an action will have "any conceivable effect" on the bankruptcy estate, it does not require federal district courts constantly to revisit jurisdictional findings to determine whether the effect of the litigation on the bankruptcy estate remains 'conceivable.'" "Instead, federal jurisdiction arising under Section 1334 is determined, like federal jurisdiction generally, on the basis of the facts at the time of removal."[12]

19.    Explaining the reasoning for this rule, the *WorldCom* Court stated that "adopting a rule that would divest federal courts of subject matter jurisdiction over actions 'related to' a bankruptcy estate as the confirmation of the reorganization plan grew near would create perverse incentives for the parties to engage in delay and gamesmanship in both the bankruptcy

---

[11] *In re WorldCom,* 294 B.R. at 556.

[12] *In re WorldCom*, 294 B.R. at 556 (citing *In re Porges*, 44 F.3d 159, 162 (2d Cir. 1995) ("the dismissal of an underlying bankruptcy case does not automatically strip a federal court of jurisdiction over an adversary proceeding which was related to the bankruptcy case at the time of its commencement.").

reorganization and the related litigation."[13]  "Even if the [reorganization] Plan is confirmed, this Court will retain jurisdiction."[14, 15]

20.    As the Court did in *WorldCom*, the United States District Court for the Southern District of Florida has already determined, based on the facts at the time of removal—the facts that are to be used when considering remand—that jurisdiction in federal court, pursuant to sections 1334 and 1452 of the United States Code, is proper.  Accordingly, this Court should again deny Plaintiffs' attempt to remand this case to state court.

**B.    This Court should, as with Plaintiffs' First Motion to Remand, reject Plaintiffs' request that this Court abstain from hearing this case.**

   **1.    Discretionary abstention is improper and should, again, be rejected.**

21.    Plaintiffs' Second Motion for Remand, like Plaintiffs' First Motion to Remand, incorrectly asserts that the Court should abstain from hearing this case, even though the United States District Court for the Southern District of Florida expressly rejected this argument[16] in its October 19, 2006 Omnibus Order.[17]

---

[13] *Id.* at 556.

[14] *Id.*

[15] To support its reasoning, the *WorldCom* Court cites to the Second Circuit Opinion in *Porges*. *Porges* holds that "[t]he decision whether to retain jurisdiction should be left to the sound discretion of the [Court]" and that a Court "must consider four factors in determining whether to continue to exercise jurisdiction: judicial economy, convenience of the parties, fairness and comity." *In re Porges*, 44 F.3d 159, 163 (2d Cir. 1995).  These factors are more fully discussed in Section C, *infra*.

[16] Like the United States District Court for the District of New Jersey, the United States District Court for the Eastern District of Pennsylvania, and the United States District Court for the Southern District of New York did in the other Andro Actions.  *See* Opinions Denying Remand from these Courts, attached hereto as Exhibit D.

[17] *See* October 19, 2006 Omnibus Order, Pages 6 and 7.

22.     In analyzing the same factors that Plaintiffs' Second Motion to Remand asks this Court to re-analyze,[18] the United States District Court for the Southern District of Florida, in denying to exercise discretionary abstention, held that "although Plaintiff only alleges state law issues, they are not unsettled or difficult legal questions." "There are also a number of similar claims that have been brought by the Plaintiff's law firm nationwide." "Finally, judicial economy is best served by consolidating all of the [Andro Actions] to the Southern District of New York for consideration."[19]

23.     Furthermore, the *WorldCom* decision, again, is instructive. In *WorldCom*, the WorldCom Plaintiffs raised, for a second time, the same abstention arguments that the Court had rejected with respect to plaintiffs' original motion to remand. The Court, declining to revisit the abstention issue, held that "[s]ince federal subject matter jurisdiction existed at the time of removal, when that determination was appropriately made, it is not necessary [to address plaintiff's arguments on abstention.] The [prior] Opinion fully addressed the abstention arguments, and the [subsequent] submission presents no persuasive reason to revisit that analysis now."[20]

---

[18] These factors include: (i) the effect on the efficient administration of the bankruptcy estate; (ii) the extent to which issues of state law predominate; (iii) the difficulty or unsettled nature of the applicable state law; (iv) comity with state courts; (v) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (vi) the existence of a right to trial by jury; (vii) prejudice to the involuntarily removed parties; and (viii) the potential for duplicative and uneconomical use of judicial resources and the lessened possibility of inconsistent results. *Republic Reader's Serv., Inc. v. Magazine Serv. Bureau, Inc. (In re Republic Reader's Serv., Inc.),* 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987).
[19] *See* October 19, 2006 Omnibus Order Denying Motion to Remand, Pages 6 and 7, attached hereto as Exhibit A.
[20] *In re WorldCom*, 294 B.R. at 556.

24.    Here, because Plaintiffs' abstention arguments have already been fully considered, and rejected by the Florida Federal Court, there is "no persuasive reason to revisit that analysis now"—and even if reconsidered, the reasons for declining to abstain are as strong now as they were when considered a little over a year ago by the United States District Court of the Southern District of Florida.

**2.    Mandatory abstention should, again, be rejected.**

25.    Plaintiffs' Second Motion for Remand, like Plaintiffs' First Motion to Remand, also incorrectly asserts that it is mandatory, pursuant to 28 U.S.C. 1334, that the Federal courts abstain from hearing this case, even though the United States District Court for the Southern District of Florida expressly rejected this argument[21] in its October 19, 2006 Omnibus Order.[22]

26.    In applying the same test that Plaintiffs ask this Court to re-apply,[23] the United States District Court for the Southern District of Florida, in denying to find abstention to be mandatory, held that "the only remaining question is whether the state court could timely

---

[21] Like the United States District Court for the District of New Jersey, the United States District Court for the Eastern District of Pennsylvania, and the United States District Court for the Southern District of New York did in the other Andro Actions. *See* Opinions Denying Remand from these Courts, attached hereto as Exhibit D.

[22]*See* October 19, 2006 Omnibus Order Denying Motion to Remand, Pages 6 and 7, attached hereto as Exhibit A.

[23] 28 U.S.C. 1334(c)(2) requires a district court to abstain if the action is (1) based on a state law claim or cause of action, (2) "related to" a case under the Bankruptcy Code, but does not "arise under" or "arise in" a case under the Bankruptcy Code, (3) one where federal courts would not have jurisdiction apart from bankruptcy jurisdiction, (4) commenced in a state forum with appropriate jurisdiction, and (5) one that can be timely adjudicated in a state forum. *Stoe v. Flaherty*, 436 F.3d 209, 213 (3d Cir. 2006).

adjudicate the action."[24] "This case has been litigated in state court for over four years, no class

has been certified, and discovery is ongoing."[25] "[I]t has been well over four years and the cases

is [sic] still in the beginning states of litigation."[26] "The Plaintiff has the burden to overcome this

evidence and to convince this Court that the state judicial system can timely adjudicate this

matter; the Plaintiff has failed to provide such evidence."[27] "Moreover, other courts have already

transferred similar cases to the Southern District of New York."  "Thus, this Court is not

mandated to abstain from this case."[28, 29]

27.    Following the well-reasoned Omnibus Order of the United States District Court

for the Southern District Court of Florida, this Court should find that mandatory abstention is not

appropriate.

**C.    Efficiency weighs strongly in favor of denying Plaintiffs' Second Motion to Remand.**

28.    By removing the Andro Actions to Federal Court and transferring them to this

Court, GNC offers the promise of consistent and efficient resolution to the litigation.  In contrast,

the Plaintiffs ask this Court to remand this, and the other three Andro Actions, so that they may

---

[24] *See* October 19, 2006 Omnibus Order Denying Motion to Remand, Pages 6 and 7, attached
hereto as Exhibit A.
[25] *Id.*
[26] *Id.*
[27] *Id.*
[28] *Id.*
[29] On very similar facts, at least one court has held that the "timely adjudication" prong of the
mandatory abstention test was not met — and thus abstention was not mandated — when a class
certification hearing had not occurred, discovery was not complete, and the plaintiff had failed to
produce evidence that the matter could be more timely adjudicated in state court. *Allen v. J.K.
Harris & Co., LLC*, 331 B.R. 634, 644 (Bankr. E.D. Pa. 2005).

continue to be litigated in piecemeal fashion for years to come. Under these circumstances, neither abstention nor remand is appropriate.

29.    The following factors weigh strongly in favor of this Court retaining jurisdiction of this, and the other three Andro Actions:[30]

30.    *Expertise of This Court.*    In recent years this Court has developed a special expertise in the area of sport supplement cases. This Court has a unique understanding of the industry, the type of consumers who purchase these product, the importance of these customer's diets, the need for expert testimony, and the likelihood of a successful, coordinated mediation. This expertise cannot be matched easily by any state court. This may be the reason why these cases languished in state court for four years without class certification, incomplete discovery, and no indication that any of these matters would be resolved in a timely manner. It is the hope of GNC that, with the assistance of this Court, a quick, fair and efficient resolution to the Andro Actions can be achieved.

31.    *Coordinated Settlement/Mediation Procedure.*    As already expressed to Plaintiffs' attorneys, GNC is very interested in engaging in settlement discussions to resolve the Andro Actions. By keeping the Andro Actions consolidated in this Court, the administration of settlement procedures will be streamlined and efficient.

---

[30] These factors are consistent with those factors that the Second Circuit, in *Porges*, stated a Court must consider when determining whether a court should retain jurisdiction after the dismissal of the underlying bankruptcy case. Accordingly, even in the absence of the *WorldCom* decision, the Court should reach the conclusion, based on the weight of these factors, that this case should not be remanded.

32.    ***Judicial Economy.***    Judicial economy is optimized if this Court retains this proceeding and the other similar ones.  By administering four cases with nearly identical facts and legal theories, this Court will be far better able to manage discovery, alternative dispute resolution, and pre-trial motions in a timely, and equitable fashion.  If these cases are remanded to the individual state courts, efficiency will undoubtedly decline, continuing the pattern of delay already experienced in the Andro Actions.

33.    ***Fairness to the Litigants.***    GNC has been attempting to obtain its day in court for close to five years.  GNC has suffered significant delays in state court and wishes for a speedy resolution to the Andro Actions.  At this stage, fairness dictates that the matter proceed before this Court so that a speedy and fair resolution may be had.

34.    ***Comity.***    The claims asserted in this proceeding do not raise complex issues of state law that necessarily should be decided by a state court.  The claims, although based on state statutes, are nearly identical among the Andro Actions, and are not, by any means, complex.

35.    In light of the significant reasons for this Court to continue to exercise jurisdiction over this, and the other three Andro Actions, this Court should decline to abstain and continue to exercise jurisdiction of the four Andro Actions.

## CONCLUSION

36.    On the basis of the facts at the time of removal, removal of this proceeding was just and proper and this Court's continuing to exercise jurisdiction will promote the efficient, economic use of judicial resources and provide for a swift resolution of this proceeding.

ACCORDINGLY, for the foregoing reasons, GNC requests that the Court deny Plaintiffs' Second Motion to Remand and grant such other and further relief as the Court may deem just and proper.

Date:  November 21, 2007

Respectfully submitted,

By: _____

James V. Marks (JM 6257)
HOLLAND & KNIGHT LLP
195 Broadway 24th Floor
New York, NY  10007
Telephone:  (212) 513-3200

James G. Munisteri
Michael P. Cooley
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas  75201
Telephone:  214.999.4824

ATTORNEYS FOR DEFENDANT
GENERAL NUTRITION COMPANIES, INC.