- 13 -

ordinary mail, courier, personal delivery, telecopier or email or other electronic transmission: (i) to such Persons at the address as last shown on the records of the Subject Parties; and (ii) if applicable, to such Persons' respective solicitors or attorneys of record at the respective business addresses of such solicitors or attorneys (as more particularly set out in the service list in the within proceedings, as same may be updated from time to time), and that any such service or notice by courier, personal delivery or email or other electronic transmission shall be deemed to be received on the next Business Day following the date of forwarding thereof or, if sent by ordinary mail, on the third Business Day after mailing.

18.    **THIS COURT ORDERS** that, any notice or other communication (including, without limitation, a Proof of Claim and the applicable Schedules thereto) to be given under this Order by a Creditor to the Monitor shall be in writing in substantially the form, if any, provided for in this Order and will be sufficiently given only if given by courier, by personal delivery, email or facsimile transmission addressed to:

> The Monitor
> c/o RSM Richter Inc., Court-appointed Monitor of MuscleTech Research and Development Inc. et al.
> RSM Richter Inc.
> 200 King Street West
> Suite 1100, P.O. Box 48
> Toronto, Ontario  M5H 3T4
>
> Attention:    Mitch Vininsky
> Email:    mvininsky@rsmrichter.com
> Telephone:    416.932.8000
> Fax:    416.932.6200

Any such notice or other communication by a Creditor shall be deemed received only upon actual receipt thereof during normal business hours on a Business Day.

**GENERAL**

19.    **THIS COURT ORDERS** that pursuant to clause 7(3)(c) of the *Personal Information Protection and Electronic Documents Act*, S.C. 2000, c.5 and notwithstanding the provisions of any similar provincial legislation or provincial or federal legislation dealing with health and medical records and information, the Applicants and the Monitor are permitted in the course of

- 14 -

the claims bar process contemplated by this Order and the formulation and negotiation of a Plan to disclose personal information of identifiable individuals in their possession or control to Persons (including, for greater certainty, the Ad Hoc Committee) and to their advisers (individually, a "Third Party"), to the extent desirable or necessary, provided that the Persons to whom such personal information is disclosed enter into confidentiality agreements with the Applicants or the Monitor binding them to maintain and protect the privacy of such information and to limit the use of such information to the extent necessary. Upon the completion of the use of personal information for the limited purpose set out herein, the personal information shall be returned to the Applicant or the Monitor, as the case may be, or destroyed. In the event that a Third Party acquires personal information, such Third Party shall be entitled to continue to use the personal information in a manner which is in all material respects identical to the prior use of such personal information by the Applicants or the Monitor, as the case may be.

20.    **THIS COURT ORDERS** that the solicitation by the Monitor of Proofs of Claim and the filing by any Creditor of a Proof of Claim (including the applicable Schedules thereto) or a Complaint (if required to do so) shall not grant or be deemed to grant any Person any standing or rights under a Plan.

21.    **THIS COURT ORDERS** that the DIP Lender (as defined in the Initial Order) shall not be affected by the terms of this Order and the DIP Lender shall not be required to file a Proof of Claim in respect of any amounts outstanding under the DIP Term Sheet (as defined in the Initial Order).

22.    **THIS COURT ORDERS** that none of the Subject Parties shall be required to file a Proof of Claim or a Complaint in respect of any Related Claims; provided, for greater certainty, that nothing herein shall limit or preclude the Subject Parties from asserting and exercising all rights in respect of Related Claims, whether in these proceedings or otherwise, including voting any Related Claims in respect of a Plan and receiving a distribution in respect of any Related Claims pursuant to a Plan, and the Claims Bar Date shall not apply in respect of Related Claims; provided that, for greater certainty, the Subject Parties remain subject to the Initial Order, including the stay of proceedings ordered therein.

- 15 -

23.    **THIS COURT ORDERS** that nothing in this Order shall constitute or be deemed to constitute an allocation or assignment of Claims or Product Liability Claims into particular classes and the determination of classes of Creditors for voting and distribution purposes shall be subject to further order of this Court or pursuant to the terms of a Plan.

24.    **THIS COURT ORDERS** that the Applicants or the Monitor may from time to time apply to this Court for advice and directions in the discharge of its powers and duties under this Order.

25.    **THIS COURT ORDERS** that this Order shall have full force and effect in all provinces and territories in Canada, outside Canada and against all Persons against whom it may be enforceable.

26.    **THIS COURT REQUESTS** the aid, recognition and assistance of other courts in Canada in accordance with Section 17 of the CCAA, and requests that the Federal Court of Canada and the courts and judicial, regulatory and administrative bodies of or constituted by the provinces and territories of Canada, the Parliament of Canada, the United States, the states and other subdivisions of the United States, including, without limitation, the U.S. District Court, and other nations and states, to give effect to this Order and to assist the Applicants and the Monitor in carrying out the terms of this Order.  Each of the Applicants and the Monitor shall be at liberty, and is hereby authorized and empowered, to make such further applications, motions or proceedings to or before such other courts and judicial, regulatory and administrative bodies, and take such other steps, in Canada or the United States of America, as may be necessary or advisable to give effect to this Order.

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

MAR 0 6 2006

PER/PAR:

JOSEPH P  VAN TASSEL
REGISTRAR

SCHEDULE "A"

APPLICANTS

HC Formulations Ltd.

CELL Formulations Ltd.

NITRO Formulations Ltd.

MESO Formulations Ltd.

ACE Formulations Ltd.

MISC Formulations Ltd.

GENERAL Formulations Ltd.

ACE US Trademark Ltd.

MT Canadian Supplement Trademark Ltd.

MT Foreign Supplement Trademark Ltd.

HC Trademark Holdings Ltd.

HC US Trademark Ltd.

1619005 Ontario Limited (f/k/a New HC US Trademark Ltd.)

HC Canadian Trademark Ltd.

HC Foreign Trademark Ltd.

SCHEDULE "B"

IOVATE COMPANIES

Iovate Health Sciences Group Inc.
Iovate Copyright Ltd.
Iovate Health Sciences Inc.
Iovate Health Sciences Research Inc.
Iovate Health Sciences International Inc.
Iovate Health Sciences U.S.A. Inc.
Iovate Health Sciences Capital Inc.
Supplement Trademark Holdings Ltd.
MT US Trademark Ltd.
CELL US Trademark Ltd.
NITRO US Trademark Ltd.
MESO US Trademark Ltd.
MASS US Trademark Ltd.
ENER US Trademark Ltd.
DIET US Trademark Ltd.
MISC US Trademark Ltd.
PUMP US Trademark Ltd.
RIPPED US Trademark Ltd.
New CELL US Trademark Ltd.
New NITRO US Trademark Ltd.
Iovate HC 2005 Trademark Ltd.
New Ace US Trademark Ltd.
Canadian Supplement Trademark Ltd.
Foreign Supplement Trademark Ltd.
Iovate Trademark Ltd.
MASS Formulations Ltd.
PUMP Formulations Ltd.
RIPPED Formulations Ltd.
THERMO Formulations Ltd.
LEAN BALANCE Formulations Ltd.
MULTI Formulations Ltd.
HHC Formulations Ltd.
Iovate T. & P. Inc.
THERMO US Trademark Ltd.
NITROXY US Trademark Ltd.
LEAN BALANCE US Trademark Ltd.
CTC US Trademark Ltd.
GAKIC US Trademark Ltd.
SIX STAR US Trademark Ltd.
VIVABODY US Trademark Ltd.
MTOR US Trademark Ltd.
LEUKIC US Trademark Ltd.

2

ACCELIS US Trademark Ltd.
EVERSLIM US Trademark Ltd.
SMARTBURN US Trademark Ltd.
OSMODROL US Trademark Ltd.
HHC US Trademark Ltd.
Iovate HC 2005 Formulations Ltd.
New CELL Formulations Ltd.
New NITRO Formulations Ltd.
NITROXY Formulations Ltd.
GAKIC Formulations Ltd.
SIX STAR Formulations Ltd.
VIVABODY Formulations Ltd.
MTOR Formulations Ltd.
LEUKIC Formulations Ltd.
ACCELIS Formulations Ltd.
EVERSLIM Formulations Ltd.
SMARTBURN Formulations Ltd.
OSMODROL Formulations Ltd.

SCHEDULE "C"

THIRD PARTIES

Paul Gardiner Family Trust

Paul Gardiner

Terry Begley

HVL, Inc.

Douglas Laboratories Inc.

Peak Wellness, Inc.

Miami Research Associates Inc.

Carlon Colker M.D.

Douglas Kalman

Stuart Lowther

Walgreen Co.

Wal-Mart Stores, Inc.

General Nutrition Corporation, General Nutrition Corporation, n/k/a GN Oldco Corporation, General Nutrition Companies Inc., n/k/a GNCI Oldco, Inc., General Nutrition, Inc. n/k/a GNI Oldco, Inc., GN Oldco Corporation, f/k/a General Nutrition Corporation, General Nutrition, Inc., GNC Franchising, LLC, General Nutrition Distribution, L.P., General Nutrition Distribution Corporation, General Nutrition Sales Corporation, General Nutrition Centers, Inc., General Nutrition Centers, Inc., n/k/a Oldco Corporation, General Nutrition Companies, Inc., General Nutrition Center, Store 100122, General Nutrition Center, Store 101603, GNC Corporation, General Nutrition Center International, Inc., Raaj Singh, individually and t/a GNC/General Nutrition Center #0948, GNC Franchising, Inc., Mandeville GNC (a/k/a Mackie Shilstone's GNC), E&L Associates, Inc.

Vitamin World, Inc.

CVS Corporation

James R. Wilson

Jackie Kneifel

Rite Aid Corporation

Zurich Insurance Company, Zurich Canadian Holdings Limited, Zurich International (Bermuda) Ltd., Zurich American Insurance Company

Court File No: 06-CL-6241

IN THE MATTER OF the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended
AND IN THE MATTER OF Muscletech Research and Development Inc. and those entities listed on Schedule "A" hereto

*ONTARIO*
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

Proceeding commenced at Toronto

ORDER RE: CALL FOR CLAIMS

GOODMANS LLP
Barristers & Solicitors
250 Yonge Street, Suite 2400
Toronto, Canada M5B 2M6

Jay A. Carfagnini LSUC#: 222936
David Bish LSUC# 41629A
Caterina Costa LSUC#: 46582L
Tel: 416.979.2211
Fax: 416.979.1234

Solicitors for the Applicants

File No.: 04-1534

GOODMANSUBISHD425036.612

SCHEDULE "D"

INSTRUCTIONS WITH RESPECT TO PROOF OF CLAIM
AND FILING OF COMPLAINTS

**Please read this instruction sheet carefully before completing your Proof of Claim and the applicable Schedules thereto.  A Proof of Claim that is incorrectly completed will not be accepted.**

<u>*Do you have a Claim or a Product Liability Claim?*</u>

Please note that you should complete a Proof of Claim form (including the applicable Schedules thereto) if you have a "Claim" or a "Product Liability Claim" as defined in the order of the Ontario Superior Court of Justice dated March 3, 2006 (the "Claims Order"). While you should refer to the Claims Order for a complete definition of the terms "Claim" and "Product Liability Claim", in general terms, you should complete a Proof of Claim form if you have any right or claim:

    (a)    against any of the Applicants and/or their directors and officers in connection with any indebtedness, liability or obligation of any kind of any of the Applicants and/or their current or former directors and officers, whether such right or claim is liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, unsecured, present or future, and whether by guarantee, surety, subrogation, cross-claim, counterclaim, set off or otherwise, including a claim for contribution or indemnity or otherwise with respect to any matter, action, cause or chose in action, whether existing at present or commenced in the future, which indebtedness, liability or obligation is based in whole or in part on facts existing or discoverable prior to January 18, 2006 (a "Claim"); or

    (b)    alleging wrongful death or personal injury (whether physical, economic, emotional or otherwise) against any of the Applicants, **the Affiliates, the Third Parties,** or any current or former directors or officers of the foregoing, arising from, based on or in connection with the development, advertising and marketing, and sale of health supplements, weight-loss and sports nutrition or other products by the Applicants or any of them, whether such right or claim is liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, present or future, including a claim for contribution or indemnity or otherwise against the Applicants or any of them with respect to any matter, action, cause or chose in action, whether existing at present or commenced in the future, where such liability is based in whole or in part on facts existing or discoverable prior to January 18, 2006 (a "**Product Liability Claim**").

The "Applicants" are: MuscleTech Research and Development Inc., HC Formulations Ltd., CELL Formulations Ltd., NITRO Formulations Ltd., MESO Formulations Ltd., ACE Formulations Ltd., MISC Formulations Ltd., GENERAL Formulations Ltd., ACE US Trademark Ltd., MT Canadian Supplement Trademark Ltd., MT Foreign Supplement Trademark Ltd., HC

2

Trademark Holdings Ltd., HC US Trademark Ltd., 1619005 Ontario Limited (f/k/a New HC US Trademark Ltd.), HC Canadian Trademark Ltd. and/or HC Foreign Trademark Ltd.

The "**Affiliates**" are: all persons or entities that, directly or indirectly, control or are controlled by any one or more of the Applicants, or that are affiliated, associated or related with any one or more of the Applicants for the purpose of the *Business Corporations Act*, R.S.O. 1990, c.B.16, as amended, including, without limitation, Iovate Health Sciences Group Inc., Iovate Copyright Ltd., Iovate Health Sciences Inc., Iovate Health Sciences Research Inc., Iovate Health Sciences International Inc., Iovate Health Sciences U.S.A. Inc., and Iovate Health Sciences Capital Inc., Supplement Trademark Holdings Ltd., MT US Trademark Ltd., CELL US Trademark Ltd., NITRO US Trademark Ltd., MESO US Trademark Ltd., MASS US Trademark Ltd., ENER US Trademark Ltd., DIET US Trademark Ltd., MISC US Trademark Ltd., PUMP US Trademark Ltd., RIPPED US Trademark Ltd., New CELL US Trademark Ltd., New NITRO US Trademark Ltd., Iovate HC 2005 Trademark Ltd., New Ace US Trademark Ltd., Canadian Supplement Trademark Ltd., Foreign Supplement Trademark Ltd., Iovate Trademark Ltd., MASS Formulations Ltd., PUMP Formulations Ltd., RIPPED Formulations Ltd., THERMO Formulations Ltd., LEAN BALANCE Formulations Ltd., MULTI Formulations Ltd., HHC Formulations Ltd., Iovate T. & P. Inc., THERMO US Trademark Ltd., NITROXY US Trademark Ltd., LEAN BALANCE US Trademark Ltd., CTC US Trademark Ltd., GAKIC US Trademark Ltd., SIX STAR US Trademark Ltd., VIVABODY US Trademark Ltd., MTOR US Trademark Ltd., LEUKIC US Trademark Ltd., ACCELIS US Trademark Ltd., EVERSLIM US Trademark Ltd., SMARTBURN US Trademark Ltd., OSMODROL US Trademark Ltd., HHC US Trademark Ltd., Iovate HC 2005 Formulations Ltd., New CELL Formulations Ltd., New NITRO Formulations Ltd., NITROXY Formulations Ltd., GAKIC Formulations Ltd., SIXSTAR Formulations Ltd., VIVABODY Formulations Ltd., MTOR Formulations Ltd., LEUKIC Formulations Ltd., ACCELIS Formulations Ltd., EVERSLIM Formulations Ltd., SMARTBURN Formulations Ltd., OSMODROL Formulations Ltd.

The "**Third Parties**" are: Paul Gardiner Family Trust, Paul Gardiner, Terry Begley, HVL, Inc. , Douglas Laboratories Inc., Peak Wellness, Inc., Miami Research Associates Inc., Carlon Colker M.D., Douglas Kalman, Stuart Lowther, Walgreen Co., Wal-Mart Stores, Inc., General Nutrition Corporation, n/k/a GN Oldco Corporation, General Nutrition Companies Inc., n/k/a GNCI Oldco, Inc., General Nutrition, Inc. n/k/a GNI Oldco, Inc., GN Oldco Corporation, f/k/a General Nutrition Corporation, General Nutrition, Inc., GNC Franchising, LLC, General Nutrition Distribution, L.P., General Nutrition Distribution Corporation, General Nutrition Sales Corporation, General Nutrition Centers, Inc., General Nutrition Centers, Inc., n/k/a Oldco Corporation, General Nutrition Companies, Inc., General Nutrition Center, Store 100122, General Nutrition Center, Store 101603, GNC Corporation, General Nutrition Center International, Inc., Raaj Singh, individually and t/a GNC/General Nutrition Center #0948, GNC Franchising, Inc., Mandeville GNC (a/k/a Mackie Shilstone's GNC), CVS Corporation, E&L Associates, Inc., Vitamin World, Inc., James R. Wilson, Jackie Kneifel, Rite Aid Corporation, Zurich Insurance Company, Zurich Canadian Holdings Limited, Zurich International (Bermuda) Ltd. and Zurich American Insurance Company.

3

### *Completing the Proof of Claim Form and the Schedules*

1.  The Proof of Claim (including the applicable Schedules thereto) must be personally signed by the individual completing the form. If the individual is not the creditor asserting a claim, the position or title of the individual must be stated in paragraph 1 on the first page of the Proof of Claim.

2.  The name and signature of a witness is required.

3.  Please indicate the creditor's complete mailing address, including the fax number and e-mail address, where all notices or correspondence are to be forwarded.

4.  The details of a creditor's Claim(s) or Product Liability Claim(s) must be set out in the applicable Schedule(s) to the Proof of Claim. If you have a claim against multiple parties, please identify the amount being claimed against each in the Proof of Claim.

5.  A detailed, completed statement of account for all amounts claimed must be attached to the applicable Schedule setting out the basis of calculation of the Claim or Product Liability Claim as at January 18, 2006 (the "Filing Date"), including, if applicable with respect to any Claims, the date, the number and the amount of all the invoices or charges, and the date, the number and the amounts of all credits, counterclaims, or payments. In particular, the total amount of indebtedness of each portion of any claim must be set out in the schedule divided as follows (to the extent applicable):

    *   principal debt;

    *   unpaid interest (not including interest after January 18, 2006); and

    *   any fees, penalties, costs and expenses.

6.  If your claim is denominated in a currency other than Canadian dollars, your Proof of Claim must state your claim in the originating currency only. The originating currency must be clearly stated.

7.  You must also complete the applicable Schedule(s) to your Proof of Claim:

    For *each* "Claim" that you hold, please complete:

    (i)     a Proof of Claim; and
    (ii)    Schedule 1 to Proof of Claim.

    For *each* "Product Liability Claim" that you hold, please complete:

    (i)     a Proof of Claim
    (ii)    Schedule 2-A;
    (iii)   either Schedule 2-B or append to your Proof of Claim a copy of a comparable Fact Sheet previously completed by you in other proceedings (see Schedule 2-B for details); and

4

(iv)    Schedule 3 to Proof of Claim.

Please note that, by definition, no single claim can be both a "Claim" and a "Product Liability Claim" – these terms are mutually exclusive.

*Deadline for Submission of Proof of Claim*

The deadline for submission of your Proof of Claim, including the applicable Schedule(s) thereto and supporting documentation (which should be sent to RSM Richter Inc. at the address set out below), is 5:00 p.m. Toronto, Ontario Time on May 8, 2006 (the "Claims" Bar Date"), with the sole exception of the "Fact Sheets" (Schedule 2-B) for Product Liability Claims for which the deadline is 5:00 p.m. Toronto, Ontario time on June 7, 2006.

Be advised that any creditor that does not timely file a Proof of Claim (and the applicable Schedule(s) thereto) in accordance with the deadlines set out above may, in accordance with the Claims Order, be forever barred from making or enforcing any Claim or Product Liability Claim, not be entitled to receive any further notice, not be entitled to participate as a creditor in the Applicants' proceedings under the *Companies' Creditors Arrangement Act*, and/or in any subsequent proceeding involving the Applicants, including any plan of arrangement or compromise and any proceedings under the *Bankruptcy and Insolvency Act* and the creditor's Claim or Product Liability Claim may, in accordance with the Claims Order, be forever extinguished.

Your Proof of Claim (including the applicable Schedule(s) thereto) must be delivered by ordinary mail, registered mail, courier, facsimile, e-mail message or personal delivery to:

> The Monitor
> c/o RSM Richter Inc., Court-appointed Monitor of MuscleTech Research and Development Inc. et al.
> RSM Richter Inc.
> 200 King Street West
> Suite 1100, P.O. Box 48
> Toronto, Ontario  M5H 3T4
>
> Attention:    Mitch Vininsky
> Email:        mvininsky@rsmrichter.com
> Telephone:    416.932.8000
> Fax:          416.932.6200

*Do you need to also file a Complaint?*

If you have a Product Liability Claim, and you did not commence a legal proceeding in respect of that Claim prior to January 18, 2006, you must also file a complaint (a "Complaint") against the applicable Subject Parties. The Complaint must be filed in Case No. 06 Civ. 538(JSR) pending before the United States District Court for the Southern District of New York, 120 Daniel Patrick Moynihan, United States Courthouse, 500 Pearl Street, New York, New York,

5

U.S.A. 10007-1312 (phone: 212-805-0136; www.nysd.uscourts.gov) (the "U.S. District Court").

The Complaint must be filed in accordance with the rules and procedures of the U.S. District Court and must name as defendants the specific Subject Parties with respect to which relief is sought and all other parties allegedly liable to you with respect to your Product Liability Claim. No service of summons is required in connection with the Complaint; but you must (1) file the Complaint with the U.S. District Court in Case No. 06 Civ. 538(JSR) and (2) file and serve the Complaint by mail, hand, or overnight courier on all parties named as defendants in the Complaint before the Claims Bar Date.

Be advised that any creditor with a Product Liability Claim that does not file and serve a Complaint on or before the Claims Bar Date may, in accordance with the Claims Order, be forever barred from making or enforcing any Product Liability Claim, not be entitled to receive any further notice, not be entitled to participate as a creditor in the Applicants' proceedings under the *Companies' Creditors Arrangement Act*, and/or in any subsequent proceeding involving the Applicants, including any plan of compromise or arrangement and any proceedings under the *Bankruptcy and Insolvency Act* and the creditor's Product Liability Claim may, in accordance with the Claims Order, be forever extinguished.

Complaints must be filed and served as above for all Product Liability Claims. You do not need to, and should not, file a Complaint in respect of Claims.

SCHEDULE "F"

PROOF OF CLAIM

Please read carefully the "Instructions With Respect To Proof Of Claim and Filing of Complaints" accompanying this Proof of Claim. Capitalized terms used herein but not defined have the meanings set out in the Instructions. In submitting the information requested in this Proof of Claim (and the Schedules hereto), you are acknowledging and agreeing to the use of that information as set out in the Order of the Ontario Superior Court of Justice made on March 3, 2006. Please print legibly.

## TO BE COMPLETED BY ALL CREDITORS/CLAIMANTS:

Full Name of Creditor: _____ (the Creditor)

Full Mailing Address of Creditor    _____

(All notices and correspondence    _____

regarding your Claim will be    _____

forwarded to this address)    _____

    Attention:    _____

    Title:    _____

    Telephone No.    _____

    Fax No.    _____

    E-mail Address    _____

## THE UNDERSIGNED HEREBY CERTIFIES AS FOLLOWS:

1.    I am the Creditor or I hold the position of _____ (state position or title) of the Creditor and am an authorized representative of the Creditor.

2.    I have personal knowledge of all the circumstances connected with the Claim or Product Liability Claim accurately described in the applicable Schedule(s) hereto.

2

3.    As at the Filing Date (January 18, 2006), the Creditor had the Claim or Product Liability Claim described in the applicable Schedule(s) hereto.

4.    For each "Claim" that you hold, please complete:

    (i)    a Proof of Claim; and
    (ii)    Schedule 1 to Proof of Claim.

    For each "Product Liability Claim" that you hold, please complete:

    (i)    a Proof of Claim
    (ii)    Schedule 2-A;
    (iii)    either Schedule 2-B OR append to your Proof of Claim a copy of a comparable Fact Sheet previously completed by you in other proceedings (see Schedule 2-B for details); and
    (iv)    Schedule 3 to Proof of Claim.

Please note that, by definition, no single claim can be both a "Claim" and a "Product Liability Claim" – these terms are mutually exclusive.

DATED at _____,this _____ day of _____, 2006.

_____
(Signature of Witness)

_____
(Signature of individual completing this form)

_____
(Please print name)

_____
(Please print name)

**The duly completed Proof of Claim together with the applicable Schedule(s) and accompanying documents, must be returned to and received by the Monitor by ordinary mail, registered mail, courier, facsimile, e-mail message or personal delivery by no later than 5:00 p.m. Toronto, Ontario Time on May 8, 2006 (with the sole exception of the "Fact Sheet" which is due by June 7, 2006) at the following address:**

    **The Monitor**
    **c/o RSM Richter Inc., Court-appointed Monitor of MuscleTech Research and Development Inc. et al.**
    **RSM Richter Inc.**
    **200 King Street West**
    **Suite 1100, P.O. Box 48**
    **Toronto, Ontario M5H 3T4**

    **Attention:    Mitch Vininsky**
    **Email:    mvininsky@rsmrichter.com**

3

Telephone:     416.932.8000
Fax:             416.932.6200

**YOU MUST ALSO COMPLETE AND SUBMIT THE APPLICABLE SCHEDULE(S) TO YOUR PROOF OF CLAIM.**

### SCHEDULE 1 TO PROOF OF CLAIM - FOR "CLAIMS"

A copy of this Schedule 1 must be completed for each "Claim" and attached to the Proof of Claim. Your Proof of Claim and this Schedule must be returned to and received by the Monitor before May 8, 2006.

All capitalized terms used but not otherwise defined herein have the meaning ascribed to those terms in the Instructions With Respect to Proof of Claim and Filing of Complaints. In submitting the information requested in this Schedule, you are acknowledging and agreeing to the use of that information as set out in the Claims Order.

Name of
Applicant(s)/Director(s):   _____

_____

_____

_____

_____

A.    **To be completed by** <u>Secured Creditors</u> **of the Applicant(s)/Director(s)**

    (i)    Gross Amount of Total Secured Claim against the Applicant/Director as at the Filing Date:

        _____

        (If your Secured Claim is denominated in a currency other than Canadian dollars, indicate clearly the amount of your Secured Claim in the originating currency only.)

    (ii)    Value of all collateral less any prior security as at the Filing Date:

        _____

        (E.g., if collateral is worth $100, and there is a prior mortgage of $110, value of collateral is "nil".)

    (iii)    Amount in (i) subtracted from amount in (ii), if greater than zero:

        _____

        (This deficiency amount, if any, will be your Unsecured Claim.)

2

Description of all security, if any, granted to the Creditor in respect of the Total Secured Claim against the Applicant/Director and value thereof as estimated by the Creditor:

_____

_____

**B.**    **To be completed by <u>Unsecured Creditors</u> of the Applicant(s)/Director(s)**

Amount of Total Unsecured Claim against the Applicant/Director as at the Filing Date:

_____

(If your Unsecured Claim is denominated in a currency other than Canadian dollars, indicate clearly the amount of your Unsecured Claim in the originating currency only.)

That in respect of this debt, I do not hold any assets of the debtor as security and *(check appropriate description)*:

☐    regarding the amount of CAD$_____, I do not claim a right to priority.

☐    regarding the amount of CAD$_____, I claim a right to a priority under section 136 of the *Bankruptcy and Insolvency Act* (Canada) (the "BIA") or would claim such a priority if this Proof of Claim was being filed in accordance with that Act.
*(set out on an attached sheet details to support priority claim)*

**C.**    **To be completed by <u>all Creditors</u> of the Applicant(s)/Director(s)**

Description of each transaction or agreement giving rise or relating to all or any portion of the Claim against the Applicant/Director:

_____

(Note: if space is insufficient, attach (a) separate page(s)).

3

Names of any guarantors which have guaranteed all or any portion of the Claim against the Applicant/Director:

_____

(Note: if space is insufficient, attach (a) separate page(s)).

**A DETAILED, COMPLETE STATEMENT OF ACCOUNT AS AT THE FILING DATE MUST BE ATTACHED TO EACH SCHEDULE SETTING OUT THE BASIS OF CALCULATION OF EACH PORTION OF THE CLAIM AGAINST THE APPLICANT(S) OR APPLICANTS' DIRECTOR(S), AS THE CASE MAY BE, INCLUDING, AS APPLICABLE, THE DATE, THE NUMBER AND THE AMOUNT OF ALL INVOICES OR CHARGES, AND THE DATE, THE NUMBER AND THE AMOUNT OF ALL CREDITS, COUNTERCLAIMS OR PAYMENTS.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re:*<br><br>MUSCLETECH RESEARCH AND<br>DEVELOPMENT INC., *et al.;*<br><br>Foreign Applicants in Foreign Proceedings. | In Cases Under<br>Chapter 15 of the<br>Bankruptcy Code<br><br>Case No. 06-10092 (JMP) |
| *In re:*<br><br>RSM RICHTER INC., AS FOREIGN<br>REPRESENTATIVE OF MUSCLETECH<br>RESEARCH AND DEVELOPMENT INC. AND<br>ITS SUBSIDIARIES,<br><br>        Plaintiff,<br><br>      v.<br><br>SHARON AGUILAR, an individual;<br>*et al.,*<br><br>        Defendants. | Adversary Proceeding<br>No. 06-1147 (JMP) |

ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING
ORDER AND, AFTER NOTICE AND A HEARING, PRELIMINARY INJUNCTION,
ENJOINING THE COMMENCEMENT OR CONTINUATION OF PRODUCT
LIABILITY ACTIONS AGAINST FOREIGN APPLICANTS AND OTHERS

        Upon the application (the "Application") of RSM Richter Inc., in its capacity as

the court-appointed monitor (the "Monitor") and foreign representative of MuscleTech Research

and Development Inc. ("MDI") and certain of its subsidiaries (together with MDI, the "Foreign

Applicants") in proceedings (the "Canadian Proceedings") under Canada's *Companies' Creditors*

*Arrangement Act,* R.S.C. 1985, c. C-36, as amended (the "CCAA") pending before the Ontario

Superior Court of Justice (Commercial List) (the "Canadian Court"), pursuant to sections 105(a)

and 1519 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), for the



EXHIBIT

*C*

entry of an order to show cause with temporary restraining order, and scheduling a hearing (the "Hearing") on the Monitor's motion for a preliminary injunction as set forth in the complaint (the "Complaint") filed in this adversary proceeding contemporaneously with the Application, enjoining the continuation of all product liability lawsuits based on the research, marketing, manufacture, sale and distribution primarily of products containing ephedra or prohormones, (collectively, the "Product Liability Actions") and the commencement of additional product liability litigation based on products sold by MDI, against the Foreign Applicants, the Non-Applicant Defendants (as defined below) or their respective assets or the proceeds thereof, and the Court having considered and reviewed the Complaint, the joint summons, the petitions filed by the Monitor under chapter 15 of the Bankruptcy Code for each of the Foreign Applicants (collectively, the "Chapter 15 Petitions"), the Affidavit of Ken Coleman and the Declaration of Peter Farkas, each in support of the Application and the Complaint, and the Memorandum of Points and Authorities filed in support of the Chapter 15 Petitions and the Application, each dated January 18, 2006, and the limited order entered by Mr. Justice Farley on January 18, 2006 in the Ontario Superior Court of Justice under the CCAA (collectively the "Supporting Papers"), and based on the foregoing, the Court finds and concludes solely for purposes of this Order pending the Hearing as follows:

(A)    The Monitor has demonstrated a substantial likelihood of success that the Foreign Applicants are subject to pending foreign main proceedings in Canada and that the Monitor is the foreign representative of each of the Foreign Applicants;

(B)    The commencement or continuation of any Product Liability Action in the United States against one or more of (i) the Foreign Applicants, (ii) Paul Gardiner and Terence Begley; (iii) the Paul Gardiner Family Trust; (iv) Iovate Health Sciences Group Inc., Iovate Health Sciences Inc., Iovate Health Sciences Research Inc., Iovate Health Sciences International Inc., Iovate Health Sciences U.S.A. Inc., Iovate Health Sciences Capital Inc. and Iovate Copyright Ltd.; (v) HVL, Inc. and Douglas Laboratories, Inc.; (vi) Peak Wellness, Inc. and Miami Research Associates Inc., and Carlon Colker, M.D. and Douglas Kalman; (vii) Stuart Lowther; and (viii) certain of the Foreign Applicants' customers that are wholesalers and retailers in the U.S. that sold MDI's products to the

2

general public, namely: Walgreen Co.; Wal-Mart Stores, Inc.; General Nutrition Corporation, n/k/a GN Oldco Corporation; General Nutrition Companies Inc., n/k/a GNCI Oldco, Inc.; General Nutrition Inc., n/k/a GNI Oldco, Inc.; GN Oldco Corporation, f/k/a General Nutrition Corporation; General Nutrition, Inc.; GNC Franchising, LLC; General Nutrition Distribution, L.P.; General Nutrition Distribution Corporation; General Nutrition Sales Corporation; General Nutrition Centers, Inc.; General Nutrition Centers, Inc., n/k/a Oldco Corporation; General Nutrition Companies, Inc.; General Nutrition Center, Store 100122; General Nutrition Center, Store 101603; GNC Corporation; General Nutrition Center International, Inc.; Raaj Singh, individually and t/a GNC/General Nutrition Center #0948; Vitamin World, Inc.; GNC Franchising, Inc.; Mandeville GNC, a/k/a Mackie Shilstone's GNC; CVS Corporation; James R. Wilson; Jackie Kneifel; and Rite Aid Corporation ((ii) – (viii) together, the "Non-Applicant Defendants") or any of their assets or proceeds thereof should be enjoined pursuant to sections 105(a) and 1519 of the Bankruptcy Code to permit the expeditious and economical administration of the foreign estates in the Canadian Proceedings and to allow the parties in interest to explore potential global settlement scenarios to resolve the Product Liability Actions and all related claims in the Canadian Proceedings, and the relief requested will not cause either an undue hardship or that any hardship to parties in interest is outweighed by the benefits;

(C)     Unless a temporary restraining order is issued, it appears to the Court that there is a material risk that one or more parties in interest will continue the prosecution of a Product Liability Action (including scheduled discovery) or commence similar product liability litigation based on products sold by MDI, involving one or more of the Foreign Applicants or the Non-Applicant Defendants, thereby potentially interfering with or causing harm to, the Monitor's efforts to administer the Foreign Applicants' estates pursuant to the Canadian Proceedings, and increasing the potential claims against the Foreign Applicants' estates as they and the Non-Applicant Defendants incur further defense costs and expenses, and as a result, the Foreign Applicants may suffer immediate and irreparable injury for which they will have no adequate remedy at law and therefore it is necessary that the Court grant the relief requested without prior notice to the Product Liability Plaintiffs and other parties in interest or their counsel;

(D)     The interest of the public will be served by this Court's temporarily granting of the relief requested by the Monitor; and

(E)     Venue is proper in this District pursuant to 28 U.S.C. § 1410.

NOW THEREFORE, IT IS HEREBY ORDERED, that all parties in interest to the Complaint come before the Honorable James M. Peck, United States Bankruptcy Judge, for the Hearing at 10:00 o'clock a.m. on January 25, 2006, in Courtroom 601 at the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New

3

York 10004, or as soon thereafter as counsel may be heard, why a preliminary injunction should not be granted:

(A)    (i) enjoining, beginning on the date the Court enters such preliminary injunction and continuing for so long as the Canadian stay remains in effect, all persons and entities from continuing any Product Liability Action (including scheduled discovery) or commencing any additional product liability litigation based on products sold by MDI, involving one or more of the Foreign Applicants or the Non-Applicant Defendants, or against their respective assets or the proceeds thereof; and (ii) enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award arising from any Product Liability Action against the Foreign Applicants or the Non-Applicant Defendants or their respective assets or the proceeds thereof, and commencing or continuing any act or action or other legal proceeding (including, without limitation, arbitration, or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever) to create, perfect or enforce any lien, setoff or other claim, based on the products sold by MDI, against the Foreign Applicants or the Non-Applicant Defendants or against any of their respective assets or the proceeds thereof;

(B)    requiring that every person and entity that is a plaintiff in a Product Liability Action or other similar legal proceeding (including, without limitation, arbitration, or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever) in which one or more of the Foreign Applicants is or was named as a party, or as a result of which liability against one or more of the Foreign Applicants may be established, place the Monitor's United States counsel on the master service list of any such action or proceeding and take such other steps as may be necessary to ensure that such counsel receives at the address set forth below in the last paragraph of this Order, (i) copies of any and all documents served by the parties to such action or proceeding or issued by the court, arbitrator, administrator, regulator or similar official having jurisdiction over such action or proceeding, and (ii) any and all correspondence, or other documents circulated to parties listed on the master service list;

(C)    requiring that with respect to any Product Liability Action or other similar product liability litigation based on products sold by MDI that may be commenced or become known to the Monitor in the future (each a "Subsequent Claim"):

(i)    when informed of a Subsequent Claim, counsel for the Monitor shall serve upon the holder of such claim a copy of the Supporting Papers and this Order or any extension thereof;

(ii)    the holder of a Subsequent Claim will have twenty (20) days from service of the Supporting Papers in which to file a response thereto or otherwise be enjoined from commencing or continuing any Product Liability Action involving one or more of the Foreign Applicants or the Non-Applicant Defendants, or their respective assets or the proceeds thereof; and

4

(iii)    on not less than two (2) days' notice to counsel for the Monitor, the holder of a Subsequent Claim may file a motion seeking an order of the Court vacating or modifying the injunction entered in this proceeding with respect to such Subsequent Claim, and any such request shall be the subject matter of a hearing as scheduled by the Court and otherwise, the holder of a Subsequent Claim may file objections and be heard by the Court in accordance with the terms of any order of the Court providing for a hearing in the future on any subsequent relief sought by the Monitor in this proceeding.

ORDERED, that pending the Hearing, all persons and entities are hereby enjoined from (a) continuing any Product Liability Action (including scheduled discovery) or commencing additional product liability litigation based on products sold by MDI, involving one or more of the Foreign Applicants or the Non-Applicant Defendants, or their respective assets or the proceeds thereof; (b) enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award arising from any Product Liability Action against the Foreign Applicants or the Non-Applicant Defendants or their assets, and commencing or continuing any act or action or other legal proceeding (including, without limitation, arbitration, or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever) to create, perfect or enforce any lien, setoff or other claim, based on the products sold by MDI, against the Foreign Applicants or the Non-Applicant Defendants or against any of their property; and it is further

ORDERED, that any party in interest may make a motion seeking relief from or modifying this Order by, on not less than two (2) days' notice to counsel for the Monitor, filing a motion seeking an order of the Court seeking relief from, vacating or modifying the injunction entered in this proceeding, and any such request shall be the subject matter of a hearing as scheduled by the Court and otherwise, any party in interest may file objections and be heard by the Court in accordance with the terms of any order of the Court providing for a hearing in the future on any subsequent relief sought by the Monitor in this proceeding; and it is further

5

ORDERED, that pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure be, and the same hereby are, waived; and it is further

ORDERED, that this Order shall be served upon counsel for the plaintiffs in the Product Liability Actions (as set forth in Exhibit 2 to the Chapter 15 Petitions), by electronic mail or by facsimile, or in the event service by electronic mail or facsimile cannot be accomplished, then by overnight delivery service, on or before January 19, 2006; and it is further

ORDERED, that copies of the Supporting Papers (with all exhibits thereto) shall be served upon counsel for the plaintiffs in the Product Liability Actions by overnight courier to be received by January 20, 2006; and it is further

ORDERED, that service in accordance with this Order shall constitute adequate and sufficient service and notice; and it is further

ORDERED, that the Supporting Papers shall also be made available by the Monitor upon request at the offices of Allen & Overy LLP, 1221 Avenue of the Americas, New York, New York 10020 to the attention of the following: Kelle Gagné, (212) 756-1197, Kelle.Gagne@allenovery.com; and it is further

ORDERED, that objections, if any, submitted for the purpose of opposing the Monitor's request for a preliminary injunction as set forth more fully in the Complaint and on the terms described above must be made in writing describing the basis therefor and shall be filed with the Court electronically in accordance with General Order M-182 by registered users of the court's Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format, with hard copy to the Chambers of the Honorable James M. Peck, and served upon Allen & Overy LLP, 1221 Avenue of the Americas, New York, New York   10020

6

(Attention: Ken Coleman), United States counsel for the Monitor, so as to be received on or before January 24, 2006 at 11:00 a.m. (New York time); except that the foregoing is without prejudice to the right of any party-in-interest to seek, upon appropriate notice and hearing, to terminate or limit this temporary restraining order and shall not determine the nature and extent of any further relief that may be granted by the Court.

Dated: New York, New York
     January 18, 2006

                              *s/ James M. Peck*
                              UNITED STATES BANKRUPTCY JUDGE

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re EPHEDRA PRODUCTS LIABILITY       :
LITIGATION                             :
------------------------------------x          04 MD 1598 (JSR)
In re MUSCLETECH RESEARCH AND          :
DEVELOPMENT INC., et al.;              :
                                       :
Foreign Applicants in Foreign          :
Proceedings.                           :          06 Civ. 538 (JSR)
                                       :
------------------------------------x
In re RSM RICHTER INC., AS FOREIGN     :
REPRESENTATIVE OF MUSCLETECH RESEARCH  :
AND DEVELOPMENT INC. AND ITS           :
SUBSIDIARIES,                          :          06 Civ. 539 (JSR)
                                       :
              Plaintiff,               :
                                       :
              -v-                      :
                                       :
SHARON AGUILAR, an individual; et      :
al.,                                   :          ORDER
                                       :
              Defendants.              :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

        For the reasons stated from the bench, the Court hereby
extends the Stay Period (as defined in the January 18, 2006 Order
issued by Bankruptcy Judge Peck) through April 6, 2006, on the terms
set forth in Judge Peck's order as orally modified at the hearing
held earlier today, see transcript, February 9, 2006.  The monitor's
counsel will submit by no later than February 16, 2006 a proposed new
order along the lines suggested by the Court, to substitute for the
instant order.

        SO ORDERED.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-10-06
```

                                  1

JED S. RAKOFF, U.S.D.J.

Dated:  New York, New York
        February 9, 2006

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
In re EPHEDRA PRODUCTS LIABILITY    :
LITIGATION                          :        04 MD 1598 (JSR)
------------------------------------ x
In re MUSCLETECH RESEARCH AND       :
DEVELOPMENT INC., et al.;           :
                                    :
Foreign Applicants in Foreign       :        06 Civ. 538 (JSR)
Proceedings.                        :
                                    :
------------------------------------ x
In re RSM RICHTER INC., AS FOREIGN  :
REPRESENTATIVE OF MUSCLETECH RESEARCH :
AND DEVELOPMENT INC. AND ITS        :        06 Civ. 539 (JSR)
SUBSIDIARIES,                       :
                                    :
              Plaintiff,            :
                                    :
              -v-                   :
                                    :
SHARON AGUILAR, an individual; et   :        ORDER
al.,                                :
                                    :
              Defendants.           :
------------------------------------ x

JED S. RAKOFF, U.S.D.J.

        This Order will serve to clarify and reduce to plain English

the Order dated February 9, 2006, which this Order supersedes.

Specifically, for the reasons previously stated, the Court grants the

injunctive relief requested by RSM Richter Inc. (the "Monitor") on

the following terms:

        (1) Prosecution in any respect of any "Product Liability

Action" (as defined in the Monitor's petitions commencing these

actions) is stayed to the extent such action is against:

        (a) MuscleTech Research and Development Inc. ("MuscleTech")

and/or its subsidiaries;

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3-2-06

(b) any of the affiliates of MuscleTech, namely, Iovate Health Sciences Group Inc., Iovate Health Sciences Inc., Iovate Health Sciences Research Inc., Iovate Health Sciences International Inc., Iovate Health Sciences U.S.A. Inc., Iovate Health Sciences Capital Inc., and Iovate Copyright Ltd.;

(c) Paul Gardiner, Terence Begley, Carlan Colker, Douglas Kalman, and/or Stuart Lowther;

(d) the Paul Gardiner Family Trust;

(e) HVL, Inc., Douglas Laboratories Inc., Peak Wellness, Inc., and/or Miami Research Associates Inc.;

(f) Walgreen Co., Wal-Mart Stores, Inc., General Nutrition Corporation, GN Oldco Corporation, General Nutrition Companies Inc., GNCI Oldco, Inc., General Nutrition, Inc. GNI Oldco, Inc., GNC Franchising, LLC, General Nutrition Distribution, L.P., General Nutrition Distribution Corporation, General Nutrition Sales Corporation, General Nutrition Centers, Inc., Oldco Corporation, General Nutrition Companies, Inc., General Nutrition Center, Store 100122, General Nutrition Center, Store 101603, GNC Corporation, General Nutrition Center International, Inc., GNC Franchising, Inc., Mandeville GNC (a/k/a Mackie Shilstone's GNC), CVS Corporation, Rite Aid Corporation, Jackie Kneifel, Raaj Singh, and/or James R. Wilson; and

(g) any other defendant in a Product Liability Action who claims indemnification from MuscleTech and its subsidiaries.

2

(2) The stay shall continue until completion of the April 6, 2006 status conference in the related Ephedra MDL action, or such time thereafter as the Court then prescribes.

(3) The Monitor and any other interested party who may so desire shall report to the Court at the April 6 hearing regarding the status of the parties' efforts to arrive at a global settlement. The Monitor shall contemporaneously file electronically, with a hard copy to the undersigned's chambers, unredacted copies of any written reports or other papers filed with the Ontario Superior Court in connection with the related Canadian bankruptcy proceedings.

(4) Any interested party may seek relief from, or modification of, this stay by scheduling motion practice in the manner prescribed by the Individual Rules of this Court.

(5) Any interested party may appear at the April 6 hearing and be heard as to any extension of the stay.

(6) Counsel for MuscleTech shall immediately file a copy of this Order in each of the Product Liability Actions to which the Order applies.

SO ORDERED.

JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
      March 2, 2006

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
:
In re: EPHEDRA PRODUCTS LIABILITY       :       04 M.D. 1598 (JSR)
LITIGATION                              :
:
------------------------------------x
PERTAINS TO ALL CASES

```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELEC     CALLY FILED        │
│ DOC #:                      │
│ DATE FILED: 4-12-06         │
└─────────────────────────────┘
```

STATUS ORDER (INCLUDING CASE MANAGEMENT ORDER NO. 24)

JED S. RAKOFF, U.S.D.J.

At the monthly status conference held on April 6, 2006, the
Court made the following rulings, which are hereby confirmed (and
in some instances modified and supplemented) as follows:

1. The next status conference will be held as previously
announced at 4:30 pm on Thursday, May 4, 2006.

2. Defendants' motions for summary judgment dismissing the
complaint in *Giordano v. Market America* et al., No. 05 Civ. 1018,
were granted by separate memorandum order dated April 9, 2006.

3. The request of the Canadian Monitor in the Muscletech
bankruptcy to extend until June 9, 2006 the stay of all ephedra
cases involving Muscletech products was granted without
opposition, provided, however, that the Canadian court also
grants a corresponding stay. (Notwithstanding the extension,
plaintiff in *Tung v. Muscletech* et al., No. 04 Civ. 10024, may
seek relief at the May status conference if the court-approved
settlement of that case has not been paid by then.) The Monitor

1

shall file a notice of any stay order issued by the Canadian court and also a notice of the deadlines for the filing of claims, for the service of fact sheets, and for the conversion of claims into civil actions.  The Court approved a stipulation, to be so ordered and filed separately, regarding the confidentiality and filing under seal of certain documents.

4. Without opposition, the Court approved TL's motion to dismiss with prejudice six settled cases against TL.  A separate order was filed on April 6, 2006.

5. The trial of the Twinlabs Subsequent Cases shall commence at 9 am on October 2, 2006.  Before the May status conference, TL and the PCC shall send the Special Master a proposed schedule of deadlines for outstanding discovery and the submission of a final pretrial order.

6. Upon the DCC's application, the Court ordered that all opinion testimony of Raymond L. Woosley, M.D., Ph.D., one of the PCC's "generic" experts, be excluded from the trials of individual ephedra cases because Dr. Woosley declined to revise his report as required by orders of the Court.

SO ORDERED.

JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       April 11, 2006

2